UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Leila Kasso, | Case No. 23-cv-2777 (WMW/TNL) |
| Plaintiff, | |
| v. | |
| Police Officers' Federation of Minneapolis, City of Minneapolis, and City of Minneapolis Police Department, | |
| Defendants. | |

| | |
|---|---|
| Leila Kasso, | Case No. 23-cv-2782 (WMW/TNL) |
| Plaintiff, | |
| v. | |
| City of Minneapolis, City of Minneapolis Police Department, and Eric Hagle, | |
| Defendants. | |

**ORDER**

These matters come before the Court on motions to appoint counsel filed by pro se Plaintiff Leila Kasso. ECF No. 3 in No. 23-cv-2777; ECF No. 3 in No. 23-cv-2782.

"In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (same). Rather, "[t]he court may request an attorney to

1

represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g.*, *Crozier for A.C. v. Westside Comm. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794; *accord Ward*, 721 F.3d at 942. "The court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011); *accord Crozier*, 973 F.3d at 890; *see Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam).

Plaintiff's motions ask the Court "to appoint counsel if possible." ECF No. 3 at 1 in No. 23-cv-2777; *accord* ECF No. 3 at 1 in No. 23-cv-2782. Plaintiff does not explain why appointment of counsel is warranted in these cases. These cases are in the very earliest stages, and Plaintiff has demonstrated a basic understanding of legal procedure, including filing motions as a means of seeking relief from the Court. Further, there is nothing indicating that Plaintiff is otherwise unable to afford counsel. While the cost of litigation is not lost on this Court, the Court notes that Plaintiff's applications to proceed *in forma pauperis* were denied, albeit without prejudice, on the basis of the financial information that was received. *See generally* ECF No. 5 in No. 23-cv-2777; ECF No. 5 in No. 23-cv-2782. Accordingly, Plaintiff's motions are **DENIED WITHOUT PREJUDICE**. The Court will, however, direct the Clerk of Court to provide Plaintiff with a copy of the Court's Pro Se Civil Guidebook, a resource for litigants like Plaintiff

who are representing themselves.

Although the Court is denying Plaintiff's motions to appoint counsel, the Court will, by separate correspondence, refer Plaintiff to the Minnesota Chapter of the Federal Bar Association, which operates a program that tries to connect unrepresented individuals who receive a Court referral to the program with volunteer lawyers who may agree to donate time to talk about their cases. The program is called the *Pro Se* Project. It appears that the two actions brought by Plaintiff overlap significantly. Both cases allege discrimination while Plaintiff was employed as a police officer with the City of Minneapolis. While the defendants differ slightly, the allegations, claims, and relief sought appear to be largely the same. Plaintiff may benefit from speaking with an attorney as to whether it might be more efficient to combine these two cases into one lawsuit by including all the allegations from both cases in a single amended complaint in one action and voluntarily dismissing the second action. Plaintiff should bear in mind that, while one of the *Pro Se* Project's volunteer lawyers may agree to consult with her, *there is no requirement that a volunteer lawyer do so or that any lawyer be appointed to assist her*.

**IT IS SO ORDERED.**

Date: October  27  , 2023          *s/ Tony N. Leung*
                                    Tony N. Leung
                                    United States Magistrate Judge
                                    District of Minnesota