UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Leila Kasso, | Case No. 23-cv-2782 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Minneapolis *et al.*, | |
| Defendants. | |

This matter comes before the Court on pro se Plaintiff Leila Kasso's motions to modify the Pretrial Scheduling Order and to amend the existing Amended Complaint. *See generally* ECF Nos. 40, 42. As Plaintiff is proceeding pro se, the Court has construed her submissions liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff is reminded that her pro se status does not excuse her from complying with all applicable rules, laws, orders of the Court, and the like in this case.[1] *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

---

[1] The Court encourages Plaintiff to review the resources available on the Court's website for litigants like Plaintiff who are representing themselves, "Representing Yourself," https://www.mnd.uscourts.gov/representing-yourself.

1

Local Rule 7.1,[2] which governs civil motion practice, requires the moving party to meet and confer with the opposing party "in a good faith effort to resolve the issues raised by the motion" before filing a motion. D. Minn. LR 7.1(a). Local Rule 7.1 also requires that a party "contact the magistrate judge's courtroom deputy to schedule a hearing" before filing a non-dispositive motion. D. Minn. LR 7.1(b). And, when a party files a non-dispositive motion, the following documents must be filed and served "simultaneously":

> (A) motion;
>
> (B) notice of hearing;
>
> (C) memorandum of law;
>
> (D) any affidavits and exhibits;
>
> (E) meet-and-confer statement (unless later filing is permitted under LR 7.1(a)(1)(A)); and
>
> (F) proposed order (an editable copy of which must be emailed to chambers).

D. Minn. LR 7.1(b)(1).

Local Rule 15.1 provides additional requirements that must be met when a party files a motion to amend the pleadings. "Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading

---

[2] The Court's Local Rules are also available on the Court's website, "Local Rules & General Orders," https://www.mnd.uscourts.gov/court-info/local-rules-and-orders.

differs from the operative pleading." D. Minn. LR 15.1(b).

First, as noted above, it appears Plaintiff may be seeking to modify the Pretrial Scheduling Order to allow for additional time for fact discovery in anticipation of being granted leave to amend the Amended Complaint. *See* ECF No. 40 at 9 ("In light of the Amended Complaint, I request a continuance or an extension of time to file additional documentation and evidence to these charges in relation to the 26F scheduling order."). It is not clear how much additional time Plaintiff is seeking. It also does not appear that Plaintiff has attempted to meet and confer with Defendants regarding modification of the Pretrial Scheduling Order. *See* ECF No. 40 at 8-9 (referencing attempt to meet and confer regarding amendment of the Amended Complaint).

Second, again as noted above, Plaintiff also appears to be seeking leave to amend the Amended Complaint. While Plaintiff's motion discusses matter she would like to include in a Second Amended Complaint, *see generally* ECF No. 42, Plaintiff's motion is not accompanied by a proposed amended pleading. *See* D. Minn. LR 15.1(b). Rather, it appears Plaintiff is attempting to supplement the existing Amended Complaint. Any proposed Second Amended Complaint must be an entirely new pleading that fully supersedes, and does not merely supplement, the existing Amended Complaint. And, as required by Local Rule 15.1(b), any motion to amend must include "a version of [that] proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading."

Third, Plaintiff is requesting a hearing. Local Rule 7.1 requires that a party "contact the magistrate judge's courtroom deputy to schedule a hearing" before filing a non-dispositive motion. D. Minn. LR 7.1(b). Plaintiff may contact the chambers of the undersigned by phone as stated in the Pretrial Scheduling Order, ECF No. 38 at 3, to obtain a hearing date. Plaintiff is reminded that she must then file and serve notice of that hearing date when she files her motion. *See* D. Minn. LR 7.1(b)(1)(B). Plaintiff is further advised that the Court may, in an exercise of its discretion, cancel a hearing and make a determination on the papers. *See* D. Minn. LR 7.1(b) ("If the court cancels the hearing — whether at the parties' joint request or on its own —the parties must nonetheless file and serve their motion papers by the deadlines that would have applied if the hearing had not been canceled.").

In light of Plaintiff's pro se status, the Court will give Plaintiff an opportunity to correct and refile her motions. Accordingly, Plaintiff's motions, ECF Nos. 40 and 42, are denied without prejudice. The Court appreciates Plaintiff's cognizance of the June 1, 2024 deadline in the Pretrial Scheduling Order for motions to amend the pleadings. ECF No. 38 at 3. The Court will give Plaintiff up to and including June 14, 2024, to refile her motion for leave to amend the Amended Complaint.[3]

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motions, ECF Nos. 40 and 42, are **DENIED WITHOUT PREJUDICE**.

---

[3] The Court notes that, under the existing Pretrial Scheduling Order, "[e]xcept as to non-dispositive motion deadlines specifically set forth elsewhere in th[at] Order, all [other] non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed on or before November 1, 2024." ECF No. 38 at 3.

2. Plaintiff shall have up to and including **June 14, 2024**, to refile her motion for leave to amend the Amended Complaint.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: May   22  , 2024                     *s/ Tony N. Leung*
                                           Tony N. Leung
                                           United States Magistrate Judge
                                           District of Minnesota


                                           *Kasso v. City of Minneapolis et al.*
                                           Case No. 23-cv-2782 (KMM/TNL)