# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Leila Kasso,

                Plaintiff,

v.

City of Minneapolis et al.,

                Defendants.

Case No. 23-cv-2782 (KMM/TNL)

**ORDER**

This matter is before the Court, Magistrate Judge Tony N. Leung, on a number of motions: Plaintiff Leila Kasso's Letter Motion to Amend Complaint, ECF No. 47; Plaintiff's Motion to Reconsider, ECF No. 66; Defendant City of Minneapolis's Motion to Stay Discovery, ECF No. 71; and Plaintiff's Motion to Compel, ECF No. 78. For the reasons set forth below, the Court denies Plaintiff's letter motion to amend complaint; denies Plaintiff's motion to reconsider; grants Defendants' motion to stay discovery; and denies Plaintiff's motion to compel.

## I.    Background

Plaintiff began employment with Defendant City of Minneapolis Police Department in 2006. ECF No. 74-1 at 1. Plaintiff alleges that Defendants unlawfully discriminated against her and has reported the discrimination to the Minnesota Department of Human Rights and the Equal Employment Opportunity Commission (EEOC). *See, e.g.* ECF No. 74-1, 74-2. Plaintiff filed her complaint in this lawsuit on September 8, 2023. ECF No. 1.

She filed an amended complaint on January 1, 2024. ECF No. 20. The Court issued a pretrial scheduling order, with any further amendments to the pleadings due by June 1. ECF No. 38.

In May, Plaintiff filed a motion seeking leave to amend her complaint. ECF No. 42. This Court denied her motion without prejudice. ECF No. 45. In its order denying Plaintiff's motion, the Court carefully explained the requirements for civil motion practice in Local Rule 7.1 and the requirements to amend pleadings in Local Rule 15.1. *Id.* at 2–4. Because of the rapidly approaching June 1 deadline for amended pleadings, the Court also extended the amended pleadings deadline to June 14 to give Plaintiff an opportunity to file an amended complaint following the requirements of the local rules. *Id.* at 4.

On June 13, Plaintiff filed a letter that included a proposed amended complaint. ECF No. 47. The Court construed the letter as a motion for leave to amend her complaint and took the motion under advisement on the papers. ECF No. 57. Defendants filed a memorandum of law opposing Plaintiff's motion to amend her complaint. ECF No. 58. Because this memorandum was filed late, Defendants also filed a motion for extension of time for the Court to accept the late response. ECF No. 59. The Court granted Defendants' motion. ECF No. 65. Plaintiff then filed a "Motion to Reconsider," requesting that this Court deny Defendants' motion for an extension of time. ECF No. 66.

Later, Defendants filed a motion to stay discovery, noting that they anticipated filing a motion for judgment on the pleadings and wished to stay discovery pending the resolution of that motion. ECF Nos. 71, 73. Defendants have now filed their motion for judgment on

the pleadings. ECF No. 92. Several days after Defendants filed their motion to stay discovery, Plaintiff filed a motion to compel discovery. ECF No. 78.

Finally, Defendants have also filed a proposed order for ESI discovery and a Protective Order. ECF No. 50, 51. Plaintiff has indicated that she opposes the entry of an ESI Order or Protective Order in this case. ECF No. 55 at 1.

## II.    Analysis

### A. Plaintiff's Letter Motion to Amend

Plaintiff moves to amend her complaint, seeking to add claims for discrimination based on perceived disability and workers' compensation retaliation. ECF No. 47 at 1. Defendants oppose Plaintiff's motion, arguing that Plaintiff has failed to follow the applicable procedural rules. ECF No. 58 at 4.

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Under Rule 15(a), "a party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading." But "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The decision "whether to allow a party to amend her complaint is left to the sound discretion of the district court." *Popoalli v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). "Plaintiffs do not have an absolute or automatic right to amend." *Sorace v. United States*, 788 F.3d 758, 767 (8th Cir. 2015) (quotation omitted). "A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Popoalli*, 512 F.3d at

497. But it is within a district court's discretion to "deny[] leave to amend where a plaintiff has not followed applicable procedural rules." *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983).

As the Court explained in detail in its order denying Plaintiff's earlier motion to amend her complaint, ECF No. 45, in the District of Minnesota the procedures for amending a complaint are located in Local Rules 7.1 and 15.1. Under the Local Rules, "any motion to amend a pleading must be accompanied by . . . a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading." D. Minn. L.R. 15.1(b); *see also* ECF No. 45 at 2–3 (explaining the requirements of Rule 15.1).

The Court has already informed Plaintiff of the requirements of the local rules and extended deadlines to give Plaintiff an opportunity to comply with the local rules to file her motion for leave to amend her complaint. ECF No. 45 at 2–4. Plaintiff did not comply with the local rules when she filed her letter motion seeking leave to amend her complaint. Most notably, in contrast to Local Rule 15.1(b), she did not include a copy of the proposed amended complaint that shows typographically how it differs from the operative complaint. Plaintiff's proposed order attached to her letter motion also includes relief far beyond leave to amend her complaint. ECF No. 47 at 20–21 (granting not only Plaintiff's motion to amend her complaint, but also "[t]he Plaintiff's motion to move to paper discovery," her

4

request for "reasonable accommodation," and an additional "30 days to amend the complaint with supplementary information [obtained] through . . . discovery"). Because Plaintiff, despite clear instruction, has not followed the applicable procedural rules, the Court denies Plaintiff's letter motion to amend her complaint.

**B. Plaintiff's Motion for Reconsideration**

Plaintiff moves for the Court to "reconsider the extension of time" the Court granted Defendants to respond to Plaintiff's letter motion to amend. ECF No. 66; *see also* ECF No. 65 (granting Defendants' Motion for Extension of Time). Defendants argue that Plaintiff's motion should be denied because Plaintiff did not follow the applicable Local Rule.[1] ECF No. 67 at 1–1.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotation omitted). The purpose of a motion to reconsider is to afford a party the "opportunity for relief in extraordinary circumstances." *Clear Channel Outdoor, Inc. v. City of Saint Paul*, 642 F. Supp. 2d 902, 909 (D. Minn. 2009) (quotation omitted). Under District of Minnesota Local Rule 7.1(d), "[e]xcept with the court's prior permission, a party must not file a motion to reconsider." The party seeking to file a motion to reconsider "must first file and serve a letter . . . requesting such

---

[1] After Defendants filed a responsive memorandum to Plaintiff's motion, Plaintiff filed a reply memorandum. ECF No. 69. Under Local Rule 7.1(b)(3), "Except with the court's prior permission, a part must not file a reply memorandum in support of a nondispositive motion." The Court did not authorize Plaintiff to file a reply memorandum in support of her Motion for Reconsideration. The Court therefore does not consider Plaintiff's reply in its analysis of Plaintiff's Motion for Reconsideration.

permission" and in the letter "must show compelling circumstances to obtain such permission." D. Minn. LR 7.1(j). The decision to grant a party leave to file a motion to reconsider rests within the district court's discretion. *Hagerman*, 839 F.2d at 413.

Plaintiff has not complied with the requirements of Rule 7.1(j) in filing her motion for reconsideration because she did not first file a letter seeking permission to file a motion to reconsider. The Court is well within its authority to deny her motion on that ground alone. But even if Plaintiff had filed a letter seeking permission to file that showed "compelling circumstances," her motion to reconsider is also unpersuasive on the merits. Plaintiff's motion to reconsider does not show a "manifest error[] of law" or present "newly discovered evidence." *Hagerman*, 839 F.2d at 414. Instead, her motion merely seeks to have the court reweigh the factors from *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), that determine whether a party's neglect is "excusable." The Court declines to reweigh the factors. In short, because Plaintiff has not shown the "extraordinary circumstances" justifying reconsideration, *Clear Channel Outdoor, Inc.*, 642 F. Supp. 2d at 909, the Court denies her motion to reconsider.

## C. Defendants' Motion to Stay Discovery and Plaintiff's Motion to Compel

Defendants ask this Court to stay discovery pending the resolution of its Motion for Judgment on the Pleadings,[2] arguing that allowing discovery to proceed while their motion is pending would impose hardship on Defendants. ECF No. 73. Apparently in response, Plaintiff filed a Motion to Compel, contending that Defendants have not complied with

---

[2] Defendants' Motion for Judgment on the Pleadings is filed at ECF No. 92.

discovery and seeking a court order for Defendants to respond to discovery requests. ECF No. 78.

Under Rule 26(c) of the Federal Rules of Civil Procedure, a court can stay discovery if a party shows "good cause." Courts also have the authority to stay proceedings as a result of their inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). To decide whether to grant a motion to stay discovery, courts have considered a variety of factors, such as

- Whether the dispositive motion will likely be granted,

- Whether the party seeking a stay will face hardship if a stay is not granted,

- Whether the party opposing the stay will be prejudiced is a stay is granted, and

- Whether judicial resources would be conserved by granting a stay.

*Danger v. Nextep Funding, LLC*, No. 18-cv-567 (SRN/LIB), 2019 WL 4917181, at *2 (D. Minn. Jan. 22, 2019) "Generally, the determination is practical, and largely left to the district court's discretion." *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, No. 13-cv-1356 (ADM/FLN), 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013). When a dispositive motion "seems likely to resolve the entire litigation, a stay of discovery may be appropriate." *Id.*

Considering the factors listed above, the Court finds that Defendants have shown good cause to stay discovery pending the final determination on its Motion for Judgment on the Pleadings.

***Likelihood of Success on the Merits***

First, Defendants have shown a likelihood of success on the merits of its Motion for Judgment on the Pleadings. A party seeking a stay is not required to demonstrate a greater than fifty percent probability that the motion giving rise to the motion to stay will result in a determination in its favor. *See, e.g.*, *Knutson v. AG Processing, Inv.*, 302 F. Supp. 2d 1023, 1034 (N.D. Iowa 2004). The applicant for a stay must show, however, more than a mere possibility that the motion will result in a determination in its favor. *Danger v. Nextep Funding, LLC*, No. 18-cv-567 (SRN/LIB), 2019 WL 4917181, at *3 (D. Minn. Jan. 22, 2019). To decide whether a movant seeking a stay has shown a likelihood of success on the merits, a court must take a "peek" into the merits of the pending dispositive motion. *TE Connectivity*, 2013 WL 4487505, at *2.

Peeking into the merits of the Motion for Judgment on the Pleadings, Defendants have shown more than just a possibility that its motion will be granted. "To survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Mickelson v. County of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016). In its memorandum supporting its Motion for Judgment on the Pleadings, Defendants argue that most of Plaintiff's claims were filed too late. ECF No. 94 at 1. Defendants further argue that Plaintiff failed to exhaust administrative remedies for one claim and that her other claims are either not plausibly alleged or not valid causes of action. *Id.* at 15–16, 20, 22.

Defendants' arguments appear to be potentially persuasive for many of Plaintiff's claims. Under federal law, claimants have 90 days to bring a federal lawsuit after receiving

a right-to sue letter from the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. §§ 20003e-5(f)(1) (Title VII), 12117(a) (Americans with Disabilities Act), 29 U.S.C. § 626(e) (Age Discrimination in Employment Act). Plaintiff has filed two claims with the EEOC, and the EEOC issued a right-to-sue notice for the first claim on April 25, 2022. ECF No. 73-3 at 11. But Plaintiff did not file this lawsuit until September 8, 2023. ECF No. 1. Accordingly, it appears that Plaintiff potentially did not file the lawsuit within 90 days of receiving her right-to-sue notice, so there is more than a mere possibility that Defendants will be granted judgment on the pleadings as to EEOC Charge 1.

In addition, claims under Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act must be filed with the appropriate agency within 300 days after the alleged unlawful employment practice occurs. 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5) (Americans with Disabilities Act); 29 U.S.C. § 626(d)(1) (Age Discrimination in Employment Act). Plaintiff filed a charge of discrimination with the Minnesota Department of Human Rights on September 24, 2019. ECF No. 75-1. Three hundred days before that charge was filed is November 28, 2018. As a result, any of Plaintiff's claims in the amended complaint that predate November 28, 2018, appear to be potentially time barred. Defendants have thus shown more than just a possibility that it will be granted judgment on the pleadings for claims dated before November 28, 2018.

The Court notes that Defendants have raised other reasons why Plaintiff's other claims should be dismissed, but the undersigned declines to go any further than the limited review already undertaken of the merits of Defendants' motion.

Of course, the issue of whether Defendants are entitled to judgment on the pleadings is not before the undersigned. And the undersigned expresses no opinion on the ultimate merits of that question. It is sufficient, for the purposes of Defendants' motion to stay discovery, that the undersigned's peek into the merits of Defendants' motion for judgment on the pleadings indicates some likelihood of success on the merits for many of Plaintiff's claims. As a result, the Court finds that factor weighs in favor of granting the requested stay.

### Hardship to Defendant

Defendants assert that they would bear "significant hardship" if discovery continued while its motion for judgment on the pleadings is pending. ECF No. 73 at 8. Defendants contend that Plaintiff has litigated the case in an obstructive manner: requesting too many depositions, refusing to work with Defendants to reach agreement on terms for a protective order and an ESI plan to govern discovery, and other failures to comply with Court rules and Orders. *Id.* Based on the filings and record before the Court, Defendants' contention and concerns are well founded.

Generally, courts disfavor increasing litigation costs in potentially unnecessary litigation. *See, e.g.*, *Coach, Inc. v. Kmart Corps.*, 765 F. Supp. 2d 421, 429 (S.D.N.Y 2010) (finding that a party would be prejudiced by incurring increased time and expense associates with discovery for potentially unnecessary litigation). If Defendants' motion to dismiss is successful, even if in part, further discovery and the associated litigation costs will have been unnecessary or greatly streamlined. Consequently, the Court finds that this factor weighs in favor of granting the requested stay.

***Prejudice to Plaintiff***

Although Plaintiff does seek an order compelling discovery, she does not address whether she would be prejudiced if the discovery were delayed.[3] *See* Pl's Mot. to Compel, ECF No. 78 at 1–3; Pl's Aff. in Support of Mot. to Compel, ECF No. 79 at 1–2 (arguing, in both documents, for an order compelling discovery, but not discussing prejudice in the context of a stay of discovery). Defendants contend that Plaintiff would not be prejudiced because any stay would be short and would not have any negative affect on her ability to obtain discovery relevant to her claims should Defendants' motion for judgment on the pleadings be denied.

Defendants' motion, Plaintiff's response, and Defendants' reply are already filed with the District Court. ECF No. 92, 111, 112. The stay would have little—or no—negative effect on Plaintiff's ability to obtain relevant discovery if Defendants' motion for judgment on the pleadings is denied because a stay until the already-filed dispositive motion is decided would have little effect on the memories of potential witnesses and would not impact the retention of documents. As a result, the Court finds that this factor weighs in favor of granting the stay.

---

[3] After the briefing for Defendants' Motion to Stay Discovery was complete, but before the Court issued this Order, Plaintiff sent ex parte communication to the Court seeking to stay litigation for six months. Pl's Ex Parte Comm. Req., ECF No. 113. Her request was denied via text-order. ECF No. 114. Because this request arrived after briefing was complete, it does not affect the Court's analysis of prejudice to Plaintiff. But the Court notes that, if it were to consider Plaintiff's request, it would only bolster the Court's finding that this factor weighs in favor granting the stay.

*Conservation of Judicial Resources*

To determine whether a stay of discovery until the resolution of a pending dispositive motion would conserve judicial resources, courts examine the breadth of any pending discovery and whether the pending dispositive motion has the potential to resolve the litigation. *See TE Connectivity*, 2013 WL 4487505, at *2. For outstanding discovery, Plaintiff has filed a motion to compel, which would require Court resources to resolve. But, as noted above, Defendants' pending motion judgment on the pleadings has the potential to resolve most, if not all, of Plaintiff's claims. As a result, judicial resources would be conserved if discovery were stayed, so the Court finds that this factor weighs in favor of granting the stay.

In short, all factors weigh in favor of granting a stay. So, after an extensive review of the filings in this case and after carefully balancing the factors, the Court finds that Defendants have shown good cause to stay discovery pending the final determination on its Motion for Judgment on the Pleadings. Therefore, the Court grants Defendants' motion for a stay of discovery.

Because the Court grants Defendants' motion for a stay of discovery, the Court denies Plaintiff's motion to compel without prejudice. If Defendants' motion for judgment on the pleadings is denied, discovery will resume. At that point, Plaintiff can once again bring her motion to compel to the extent that discovery sought is appropriate for any remaining claims. In addition, because discovery is currently stayed, the Court will neither enter a Protective Order nor an ESI Order at this time. If Defendants' motion for judgment

on the pleadings is denied, however, the parties may move for a Protective Order and/or an ESI Order if they believe it would be appropriate.

### III.    Conclusion

For the foregoing reasons, and based on all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**

1. Plaintiff's Letter Motion to Amend Complaint, ECF No. 47, is **DENIED**;

2. Plaintiff's Motion to Reconsider, ECF No. 66, is **DENIED**;

3. Defendants' Motion to Stay Discovery, ECF No. 71, is **GRANTED**;

4. Plaintiff's Motion to Compel Discovery, ECF No. 78, is **DENIED** without prejudice;

5. Defendants' Proposed Protective Order, ECF No. 50, is **DENIED** without prejudice;

6. Defendants' Proposed ESI Order, ECF No. 51, is **DENIED** without prejudice;

7. All prior consistent orders remain in fully force and effect; and

8. Failure to comply with any provision of this order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

*(Order continues on next page)*

**IT IS SO ORDERED**:

Date: November 15, 2024                    /s/ Tony N. Leung
                                           Tony N. Leung
                                           United States Magistrate Judge
                                           District of Minnesota

                                           *Kasso v. City of Minneapolis*
                                           Case No. 23-cv-2782 (KMM/TNL)

14