UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Leila Kasso,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>City of Minneapolis et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-2782 (KMM/TNL)<br><br><br>**ORDER** |

This matter is before the Court, Magistrate Judge Tony N. Leung, on Plaintiff Leila Kasso's Motion for No Sealing Temporary or Permanent, ECF No. 119. For the reasons below, the Court denies Plaintiff's request.

## I.  BACKGROUND

Plaintiff filed suit against Defendants City of Minneapolis and City of Minneapolis Police Department alleging employment discrimination. Pl's Amended Complaint 1–21, ECF No. 20. On October 17, Defendants filed a Motion Regarding Continued Sealing. ECF No. 115. In the motion, Defendants stated that two documents should remain permanently sealed because one document included data regarding Defendant's medical condition and the other document included allegations of employee misconduct that did not result in final discipline. *Id.* Defendants stated that Plaintiff opposed the motion. *Id.* at 2–4. The Court granted the motion. ECF No. 117. In the order granting the motion, the Court stated that

1

the "Order on continued sealing becomes final on **11/22/2024** unless further timely submissions are filed." *Id.*

On November 16, Plaintiff filed a document with a docket title of "MOTION for No Sealing Temporary or Permanent." ECF No. 119. In the document, she states that she "respectfully request[s], no sealing temporary or permanent sealing, to include [her] information [sic]." *Id.*

## II. ANALYSIS

In this action, Plaintiff is representing herself pro se. The Supreme Court has explained that documents filed by pro se litigants are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). This means that a pro se litigant's filing is to be construed "in a way that permits the [litigant]'s claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (applying liberal construction to a pro se litigant's complaint).

Under Local Rule 5.6(f), within 21 days after a magistrate judge enters an order regarding continued sealing, litigants can file a motion for further consideration by the magistrate judge. *See also* 2017 Advisory Committee Note to LR 5.6 ("After the magistrate judge rules on the joint motion, any party . . . whose information has been ordered unsealed *or who otherwise objects* to the magistrate judge's ruling may file a motion for further consideration." (emphasis added)).

Plaintiff filed her motion 15 days after the Court issued its order granting permanent sealing, which was well before the November 22 deadline to request further consideration. In her motion, she requests no permanent sealing of documents. ECF No. 119. Liberally

2

construing Plaintiff's motion within a legal framework, the court interprets her motion as a Motion for Further Consideration under Local Rule 5.6 (f).

Local Rule 5.6(f) states that a "motion for further consideration is a nondispositive motion governed by L[ocal] R[ule] 7.1(b)." That rule lays out several requirements to bring a nondispositive motion. "*Before* filing a nondispositive motion, a party *must* contact the magistrate judge's courtroom deputy to schedule a hearing." LR 7.1(b) (emphasis added). At least two weeks before the date of the hearing on the nondispositive motion, the moving party must file and serve several documents simultaneously, including (A) the motion, (B) the notice of hearing, (C) a memorandum of law, (D) any affidavits and exhibits, (E) a meet-and-confer statement, and (F) a proposed order. LR 7.1(b)(1). In addition, "an editable copy" of the proposed order "*must* be emailed to chambers." LR 7.1(b)(1)(F) (emphasis added). Finally, "a memorandum of law must be accompanying by a certificate executed . . . by an unrepresented party affirming that the memorandum complies with the [word count] limits in L[ocal] R[ule] 7.1(f). Plaintiff has failed to comply with these requirements for this motion.[1] *See* ECF No. 119 (lacking a notice of hearing and a meet-and-confer statement). As a result, the Court would be well within its discretion to deny Plaintiff's motion for failure to comply with procedural rules. *See O'Neil v. Simplicity, Inc.*,

---

[1] The Court notes that it has already explained the requirements of Local Rule 7.1 to Plaintiff and given her an opportunity to correctly file documents that were initially filed without following the proper procedural rules. ECF No. 40. The Court has also already construed one of Plaintiff's motions as a motion for further consideration of sealing. ECF No. 116. In that order, the Court explained the procedural requirements that Plaintiff must follow. *Id.* at 3–4. The Court again reminds Plaintiff that she must comply with all applicable court rules. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives.")

574 F.3d 501, 505 (8th Cir. 2009) (stating that a district court does not abuse its discretion for denying a motion when "a plaintiff has not followed applicable procedural rules).

Nevertheless, the Court continues to the merits of Plaintiff's motion. There is a common-law right of access to judicial records. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). The right of access, however, is not absolute but instead "requires a weighing of competing interests." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). Specifically, courts "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223.

The personal health information of an individual is generally of a character that warrants sealing. *See, e.g.*, *Skky LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 981 (D. Minn. 2016) (stating that "personal health details" may "be subject to an order to seal"); *Olson v. Kopel*, No. 14–cv–3975 (DWF/SER), 2016 WL 452132, at *2 (D. Minn. Feb. 5, 2016) (Frank, J.) (sealing plaintiff's "medical records only").

But, contrary to Defendants' argument in their Joint Motion Regarding Continued Sealing, ECF No. 89, allegations of misconduct against public employees that have not resulted in final discipline are not generally of a character that warrants sealing. Notably, the Minnesota Government Data Practices Act (MGDPA) provides that both (1) "the *existence* and *status* of any complaints or charges against [a public employee], regardless of whether the complaint or charge resulted in a disciplinary action" and (2) "the *final disposition* of any disciplinary action" against a public employee are public information.

4

Minn. Stat. § 13.43, subd. 2(a)(4), (5) (2022) (emphasis added). Moreover, even if such information is considered private under the MGDPA, the Act expressly contemplates that otherwise private information may be released in connection with judicial proceedings. *Id.* § 13.43, subd. 4 (2022). In addition, such a statutory classification does not automatically merit an order sealing judicial proceedings. *Cf. Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1185 (9th Cir. 2006) ("Neither will it suffice to show . . . that a document merits sealing because it would be exempt from disclosure under the Freedom of Information Act. . . . Such exempt documents are not automatically privileged in civil discovery." (citations omitted)).

Defendants argued for the continued sealing of two documents in their Joint Motion Regarding Continued Sealing. The Court has independently reviewed both documents.

Based on the Court's review of the documents, redacted portions of both sealed documents include information about a person's medical condition. *Compare* ECF No. 111 at 10 *with* ECF No. 112 at 10; ECF No. 94 at 13 *with* ECF No. 95 at 13. This information on a person's medical condition is highly private and sensitive. The Court therefore finds that the interests in maintaining the confidentiality of the details of an individual's medical condition outweighs the common-law right of access.[2] Accordingly, the Court determines that document numbers 94 at 111 shall remain sealed.

---

[2] Because the Court finds that details of Plaintiff's medical condition should remain confidential, the Court does not address the merits of Defendants' claim that document number 94 contains allegations of employee misconduct that should remain confidential.

### III. Conclusion

For the foregoing reasons, and based on all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**

1. Plaintiff's Motion for No Sealing Temporary or Permanent, ECF No. 119, is **DENIED**;

2. Docket Numbers 94 and 111 will remain **SEALED**;

3. All prior consistent orders remain in fully force and effect; and

4. Failure to comply with any provision of this order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

**IT IS SO ORDERED**:

Date: January 2, 2025

*/s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Kasso v. City of Minneapolis*
Case No. 23-cv-2782 (KMM/TNL)