UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Leila Kasso,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>City of Minneapolis et al.,<br><br>　　　　　Defendants. | Case No. 23-cv-2782 (KMM/TNL)<br><br><br>**ORDER** |

This matter is before the Court, Magistrate Judge Tony N. Leung, on pro se Plaintiff Leila Kasso's Motion to Amend the Scheduling Order and Disqualify Magistrate Judge Leung, ECF No. 122. The Court denies Plaintiff's motion because it is unsupported by argument.

Under Local Rule 7.1(b),

> [T]he moving party must file and serve the following documents simultaneously:
>
> 　　(A) motion;
>
> 　　(B) notice of hearing;
>
> 　　*(C) memorandum of law*;
>
> 　　(D) any affidavits and exhibits;
>
> 　　(E) meet-and-confer statement (unless later filing is permitted under LR 7.1(a)(1)(A)); and

> (F) proposed order (an editable copy of which must be emailed to chambers).

(emphasis added). The Court has repeatedly informed Plaintiff of these requirements and ordered her to comply with the local rules. *See* ECF Nos. 45, 116, 118, 121. Although documents filed by pro se litigants are "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted), the Court is unable to construe Plaintiff's motions because she failed to file a memorandum of law explaining why she wishes to disqualify the Magistrate Judge, why she requests an amendment to the scheduling order, or what dates she would propose for an amended scheduling order. Under Local Rule 7.1(g),

> If a party fails to timely file and serve a memorandum of law, the court may:
>
> (1) cancel the hearing and consider the matter submitted without oral argument;
>
> (2) reschedule the hearing;
>
> (3) hold a hearing, but refuse to permit oral argument by the party who failed to file;
>
> (4) award reasonable attorney's fees to the opposing party;
>
> (5) take some combination of these actions; or
>
> (6) take any other action that the court considers appropriate.

It is within a district court's discretion to deny a motion when a party failure to follow procedural rules. *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused

2

from compliance with relevant rules of the procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983).

Based on Plaintiff's failure to file a memorandum of law, the Court is unable to determine the basis for the relief. The Court therefore finds it appropriate to deny Plaintiff's motion based on her failure follow Local Rule 7.1 by not filing a memorandum of law and her repeated failure to follow the applicable procedural rules.

## CONCLUSION

For the foregoing reasons, and based on all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**

1. Plaintiff's Motion to Amend the Scheduling Order and Disqualify Magistrate Judge Leung is **DENIED**;

2. All prior consistent orders remain in fully force and effect; and

3. Failure to comply with any provision of this order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

**IT IS SO ORDERED**:

Date: March 20, 2025

*/s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Kasso v. City of Minneapolis*
Case No. 23-cv-2782 (KMM/TNL)