# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Leila Kasso, | Case No. 0:23-cv-2782 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Minneapolis, et al. | |
| Defendants. | |

The Court is in receipt of a letter docketed by Defendant City of Minneapolis on March 25, 2025. ECF 126. This letter informs the Court that the EEOC had reopened a discrimination charge filed against the City by Plaintiff Leila Kasso, a former employee of the City. The EEOC had previously determined that no probable cause of discrimination existed and granted Ms. Kasso her right to sue. The City explains, however, that the EEOC has now reversed this determination, having concluded that there is reasonable cause to believe that Ms. Kasso was discriminated against on the basis of her sex and suffered retaliation. Moreover, the EEOC informed the City of its belief that Ms. Kasso may never have received the EEOC's right-to-sue letter, which was issued after the original, no-probable-cause determination. The EEOC has invited the City and Ms. Kasso to partake in conciliation over the claims.

The City characterizes these developments as "affect[ing] part of" its pending Motion for Judgment on the Pleadings (ECF 92) and asks the Court to stay consideration

of that motion while the parties participate in conciliation. The City also asks the Court to refer this matter to the Federal Bar Association's *Pro Se* Project, in the hopes of finding counsel to assist Ms. Kasso.

The Court hereby takes the following steps:

1. First, the Court will deny, rather than stay, the City's pending motion. This dismissal is without prejudice, and the City may refile its motion should circumstances warrant in the future;

2. Second, the Court instructs the City to file a letter on the docket, attaching a copy of both referenced communications from the EEOC—the communication notifying the City that Ms. Kasso's charge had been reopened, and the recent notice finding probable cause of discrimination. This letter should be filed by April 7, 2025;

3. Third, the Court will stay this litigation entirely, pending resolution of the EEOC-led conciliation process. If the parties believe that this litigation should resume following conciliation, they are instructed to inform the Magistrate Judge assigned to the case, who will determine next steps. If the parties agree that this litigation will not proceed following conciliation, they may contact the Court directly and file a stipulated dismissal;

4. Fourth, to facilitate the orderly development of this litigation going forward, Ms. Kasso will be referred to the Minnesota Chapter of the Federal Bar Association's *Pro Se* Project so that she may have an opportunity to consult with an attorney

concerning this litigation and the impact, if any, of the EEOC-led conciliation on her claims. As the Court's referral letter makes clear, the referral is no guarantee that an attorney will agree to represent her.

It is **SO ORDERED**.

Date: March 31, 2025

*s/ Katherine M. Menendez*
Katherine M. Menendez
United States District Judge