UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LEILA KASSO,                                              No. 23-cv-2782 (KMM/DLM)

      Plaintiff,

v.                                                        **ORDER**

CITY OF MINNEAPOLIS, et al.,

      Defendants.

---

This matter is before the Court on Plaintiff Leila Kasso's "Motion for Temporary Restraining Order." (Dkt. No. 150.) The motion concerns a report of Ms. Kasso's independent medical examination obtained by the Defendant City of Minneapolis ("the City") in a separate worker's compensation proceeding. Ms. Kasso asks the Court to issue an order "precluding Defendant City of Minneapolis, its counsel, and witnesses from introducing, referencing, or otherwise relying upon the adverse IME report(s), any future adverse Independent Medical Examinations, or opinions derived therefrom in this litigation." (Dkt. No. 150 at 2.) Ms. Kasso argues that the Court should grant this relief because the report is irrelevant to the issues in this case and its introduction is likely to cause confusion and waste of time. (Dkt. No. 152 at 3–4.)

Ms. Kasso's motion is denied for two reasons. First, she has not made the showing required to obtain either a temporary restraining order or a preliminary injunction under Rule 65. Second, the motion seeks a premature evidentiary ruling regarding the admissibility of evidence.

*Temporary Injunctive Relief*

To obtain a preliminary injunction or a temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure,[1] Ms. Kasso must show: (1) she faces a threat of irreparable harm; (2) that she is likely to succeed on the merits of her claims; (3) that the threat of harm she faces outweighs any threat to the defendant if the injunctive relief is granted; and (4) that granting relief she requests is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The purpose of granting either a temporary restraining order or a preliminary injunction is to preserve the status quo and prevent irreparable harm until the court has a chance to rule on the merits of the complaint. *Id.* at 113 n.5. But Ms. Kasso's motion does not really allege that she faces a threat of irreparable harm if the Court fails to maintain the status quo pending trial. Nor does she demonstrate that she is likely to prevail on the merits of any of her claims. Indeed, her request is not directly related to the conduct of the defendant asserted in the complaint. *Cf. Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (requiring a plaintiff seeking injunctive relief to "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). Accordingly, Court finds it would be inappropriate to issue either a temporary restraining order or a preliminary injunction to address the issues presented in Ms. Kasso's motion.

---

[1] The standards for obtaining a temporary restraining order or a preliminary injunction are the same. *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022). However, a TRO is an emergency remedy, normally issued *ex parte*, that preserves the status quo and prevents immediate injury for a short period until a hearing on a preliminary injunction can take place. *See id.* (noting that Fed. R. Civ. P. 65(b)(2) says a temporary restraining order cannot exceed 14 days unless a court extends the duration for good cause). A preliminary injunction may be issued after the non-moving party receives notice and an opportunity to be heard, and it has no express time limitation. *Id.* Here, Ms. Kasso did not seek *ex parte* relief—her motion has been filed and served on the City. But these distinctions between a temporary restraining order and a preliminary injunction do not determine the outcome of Ms. Kasso's current motion.

### *Premature Evidentiary Motion*

Ms. Kasso is not a lawyer and is representing herself in this litigation. As such, the Court construes her pleadings and motions liberally. *E.g.*, *Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024) (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). As noted above, Ms. Kasso seeks the exclusion of evidence from trial, arguing that under the Federal Rules of Evidence, the IME report is irrelevant, and its admission would be unfairly prejudicial. If this case goes to trial, the Court can address the merits of this and other evidentiary arguments, and the relief Ms. Kasso seeks in her motion may ultimately be available. Parties raise issues like these by filing what are referred to as motions *in limine* at the time set by the Court's trial order. However, this case has not yet been set for trial, so the time for filing motions *in limine* has not yet arrived. Therefore, Ms. Kasso's motion is premature.

Further, Ms. Kasso suggests that the Court should not consider the IME report in connection with any motion. This question is also raised prematurely. The next phase of this proceeding where consideration of the IME report might come up is at summary judgment. However, the Court finds it would be premature to resolve Ms. Kasso's arguments about the relevance of the IME evidence independent of any summary judgment briefing, so the motion is denied without prejudice at this time.

Accordingly, the relief requested in Ms. Kasso's motion (Dkt. No. 150) is **DENIED** without prejudice as premature.

Date: September 29, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge