**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Leila Kasso,

        Plaintiff,

v.

City of Minneapolis, City of Minneapolis
Police Department,

        Defendants.

No. 23-cv-2782 (KMM/DLM)

**ORDER ON MOTION FOR**
**SANCTIONS**

---

Before the Court is Defendant City of Minneapolis's Motion for Sanctions against Plaintiff Leila Kasso. (Docs. 226 (Motion), 228 (Memorandum).) The City of Minneapolis ("City") seeks sanctions for two basic reasons: Ms. Kasso's noncompliance with this Court's November 4, 2025 order granting the City's motion to compel discovery, and Ms. Kasso's failure to appear for her own deposition. As sanctions, the City asks the Court to dismiss Ms. Kasso's claims with prejudice and order that she pay the City's expenses. (Doc. 226 at 1.) Ms. Kasso objects to the City's Motion, arguing that sanctions are inappropriate and unwarranted. (Doc. 235.) The Court held a hearing on the City's Motion (Doc. 226) on February 9, 2026. (*See* Doc. 249.) Having fully considered the matter, the Court agrees that monetary sanctions are appropriate, but that dismissal with prejudice would be unduly severe at this time.

## BACKGROUND

This case began years ago, and the intensity of its litigation has far outpaced the scope of its claims. (Doc. 1.) Given the case's procedural breadth, the Court recounts only

1

those proceedings pertinent to the instant Motion. On August 28, 2025, the Court entered an Amended Pretrial Scheduling Order. (*See* Doc. 135.) That Order established a fact discovery deadline of January 16, 2026. (*Id*.) After receiving little in response to its discovery requests, the City moved to compel discovery on October 21, 2025. (*See* Doc. 166.) Ms. Kasso opposed that Motion generally (*see* Doc. 174) and lodged specific objections to the City's discovery requests on November 3, 2025. (*See generally* Doc. 237.) On November 4, 2025, the Court held a hearing on the City's Motion to Compel. (Docs. 195 (Minutes), 206 (Transcript).) Ruling from the bench, the Court granted in part and denied in part the City's Motion to Compel, limiting several of its requests but granting all but one. (Doc. 195 ¶¶ 1, 2.) The Court's order set a substantial completion date of November 26, 2025, for all discovery. (*Id*. ¶ 4.) On November 25, 2025, one day before the deadline for substantial completion, Ms. Kasso sent the City some responses to some of its interrogatories. (Doc. 237-1.) Those responses provided virtually no new information. (*See id*.) Almost exclusively, Ms. Kasso rested on her prior objections—objections that had been overruled by virtue of the Court's November 4, 2025 ruling—and her prior answers to the City's interrogatories. (*Id*.) As to some of the interrogatories, Ms. Kasso promised to supplement under Rule 26(e). (*Id*.) And as to the Court's order that Ms. Kasso respond to the City's Request for Production ("RFP"s), Ms. Kasso has, as of the February 9 hearing, provided next to nothing. (Doc. 231 ¶ 7.) The City represents that it lacks substantial discovery that the Court ordered Ms. Kasso to produce by November 26, 2026. (*See* Docs. 231 ¶ 23; 231-3 at 1-5.)

As part of discovery, the City scheduled a deposition of Ms. Kasso for January 7, 2026. It provided notice of this deposition to Ms. Kasso via email and United States Postal Service ("USPS") mail. (Doc. 230 ¶ 4.) The email address and the mailing address to which the deposition notice was sent are those same addresses listed by Ms. Kasso in the docket of this case. (*Id.*) USPS records show that the notice was delivered to Ms. Kasso's mailing address on November 22, 2026. (*Id.* ¶ 5; Doc. 230-1 at 2.) On the morning of January 7th, 2026, the City's counsel was present at the scheduled location, along with a court reporter and videographer the City had hired to record the deposition. (Doc. 231 ¶ 18.) The record reflects that Ms. Kasso failed to appear for this deposition. (*Id.* ¶ 19; Doc. 231-17 at 4.)

On January 26, 2026, the City moved for sanctions against Ms. Kasso. (Doc. 226.) The Court held a hearing on that Motion on February 9, 2026. (Doc. 249.) The City argues that sanctions are appropriate given Ms. Kasso's failure to substantially complete discovery pursuant to Court order by November 26, 2026, and given her failure to appear at the January 7, 2026, deposition after proper notice. It argues that the Court should dismiss Ms. Kasso's lawsuit with prejudice. The City also seeks monetary sanctions for attorney fees, paralegal fees, associated cost of the deposition, and the cost of the Independent Medical Exam ("IME"). Ms. Kasso objects to the City's Motion. (*See* Doc. 235.) In essence, Ms. Kasso contends that sanctions are inappropriate because: (1) she believes the City itself is guilty of discovery misconduct; (2) the City's discovery requests were not properly propounded nor was the deposition properly noticed; (3) the requests themselves are objectionable; and (4) lesser remedies remain available and untried.

## ANALYSIS

Federal Rule of Civil Procedure 37 governs the administration of discovery-related sanctions, which are meant not only to punish past misconduct, but deter its future occurrence. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 753 (1980) (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)) ("Rule 37(b)'s sanctions . . . must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent."). To effectuate those ends, Rule 37 authorizes the court to impose a variety of sanctions for a party's failure to comply with discovery orders. Fed. R. Civ. P. 37(b). Those sanctions available include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

4

Sanctions are also warranted where a party fails to attend its own deposition or fails to serve answers to interrogatories. Fed. R. Civ. P. 37(d). Under Rule 37(d), such a failure is not excused "on the ground that the discovery sought was objectionable" absent a pending Rule 26(c) protective order filed by the failing party. Fed. R. Civ. P. 37(d)(2). In the event of unexcused failure to answer interrogatories or attend the party's own deposition, the court may impose the same sanctions available under Rule 37(b)(2)(A)(i)-(vi). Instead of, or in addition to, the menu of sanctions detailed under Rule 37(b)(2)(A), the court must also require the party failing to act to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or otherwise circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Generally, a finding of willfulness on part of the failing party is not required for a court to impose sanctions, though it does inform the court's choice of sanction. *Card Tech. Corp. v. DataCard Inc.*, 249 F.R.D. 567, 570 (D. Minn. 2008). An exception arises where the court imposes sanctions by dismissal, default judgment, or striking pleadings in whole or in part. *Id*. at 571. Because the opportunity to be heard is "a litigant's most precious right" and because of the strong policy favoring decisions on the merits, courts employ these case-terminal sanctions sparingly. *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020 (8th Cir. 1999) (citations omitted). A finding of willfulness or bad faith is therefore required to support case-terminal sanctions and "to avoid being deemed an abuse of discretion." *Card Tech.*, 249 F.R.D. at 571.

Finally, when considering a motion for sanctions, district courts are afforded a wide latitude of discretion. *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, No. 09-1091

(JNE/JSM), 2013 WL 449775, at *16 (D. Minn. Jan. 8, 2013); *Cronin v. Sanuwave Health, Inc.*, No. 23-cv-1295 (SRN/ECW), 2024 WL 3518142, *3 (D. Minn. July 24, 2024). But that discretion is "bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in order to provide discovery." *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992) (quoting *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986)). Importantly, the district court's discretion "narrows as the severity of the sanction or remedy it elects increases." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

Before turning to what sanctions are appropriate and why, the Court notes that today's sanctions Order does not live in isolation. Rather, it is simply the most recent Order from this Court in a case that has been framed by litigious uncooperativeness, failures of candor, and an inability to comply with the rules that govern this action. This situation serves no one. Based on the parties' briefing and oral arguments, the Court determines that limited sanctions are a necessary consequence of Ms. Kasso's noncompliance, and hopefully, a way to propel this case toward resolution on its merits.

## I.      DISMISSAL IS NOT WARRANTED.

First, the Court considers the City's request for dismissal of this lawsuit with prejudice under Rule 37(b). The City argues that Ms. Kasso's conduct merits the imposition of case-terminal sanctions, and that Ms. Kasso's suit should be dismissed with prejudice. Ms. Kasso objects and argues that dismissal is too extreme a remedy for her limited failures, and that lesser remedies should be employed first. The Court agrees with Ms. Kasso.

"To justify a sanction of dismissal, Rule 37 requires: '(1) order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Gr., Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). The willfulness of the discovery violation "must be the source of prejudice to the defendant." *Hairston v. Alert Safety Light Products, Inc.* 307 F.3d 717, 719 (8th Cir. 2002) (citing *Denton v. Mr. Swiss of Mo., Inc.*, 564 F.2d 236, 241 (8th Cir. 1977)). "Courts have found willfulness and bad faith in cases in which a party has repeatedly engaged in discovery abuses[,]" including failures to appear at noticed depositions, repeated delays or failures to produce discovery, multiple violations of discovery orders, and attempts to seek untimely discovery. *United States v. Yennie*, 585 F. Supp. 3d 1194, 1199 (D. Minn. 2022).

Because case-terminal sanctions are considered an extreme remedy, the imposition of lesser sanctions, like monetary sanctions, is a preferred frontline remedy. *See Hairston*, 307 F.3d at 720. Fairness instructs the court to consider whether "a lesser sanction is available or appropriate" before ordering dismissal. *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000). But the court is not obligated to choose the least onerous sanction, only the most appropriate one. *Chrysler Corp.*, 186 F.3d at 1022. And the court must only *consider* lesser remedies, it "need not investigate the propriety of a less extreme sanction" upon a finding of willfulness or bad faith. *Everyday Learning Corp.*, 242 F.3d 815, 818 (8th Cir. 2001). In this District, courts have ordered dismissal with prejudice under Rule 37 where a party repeatedly fails to produce discovery upon order to do so, where the court warned the party of dismissal as a sanction for further

noncompliance, and where lesser claim-based sanctions would have the same functional effect as dismissal. *Helland v. St. Mary's Duluth Clinic Health System*, No. 10-cv-31 (RHK/LIB), 2011 WL 1793162, at *3 (D. Minn. April 19, 2011); *see also McDonald v. Overnite Exp.*, No. 08-5069 (JNE/JSM), 2010 WL 2733328, at *6 (D. Minn. May 11, 2010) (ordering dismissal as sanction where the litigant failed to respond to discovery, appear at deposition, or pay attorney fees as sanction).

As more fully discussed below, sanctions are clearly appropriate given Ms. Kasso's refusal to abide by this Court's discovery order and her unjustified absence from her own deposition. Though certainly within the scope of this Court's discretion, case-terminal sanctions will not be issued at this point. Compared to other cases in this District, Ms. Kasso's failures—though remarkable—have not been total. Ms. Kasso has, for instance, responded to the City's motions. She has made some sincere efforts to engage in litigation. Though the repetition of Ms. Kasso's failures bear the mark of willfulness and bad faith, the Court must first consider lesser sanctions in the interest of fairness. And here, it determines that lesser sanctions hew most closely to the purpose of Rule 37 and the prerogative of resolution on the merits. While vexing, dilatory, and inexcusable, Ms. Kasso's failures to comply with the discovery process do not merit the extreme sanction of dismissal—at least not yet. For now, the Court rests on its imposition of monetary sanctions, explained below, as the most prudent means to punish and deter Plaintiff's noncompliance. But to be clear, future disregard of this Court's orders or failure to appear at noticed deposition will merit dismissal of her suit.

## II.     MONETARY SANCTIONS ARE WARRANTED.

The Court next turns to the City's request for monetary sanctions. The City requests sanctions for attorneys' fees in the amount of $4070, the cost of preparing its Motion. It requests reimbursement costs for the costs of the stenographic and videographer services obtained for the January 7 deposition in the amount of $348. (Docs. 231-16 at 1, 231-18 at 1.) The City also requests costs and fees associated with preparing for and attending the February 9 hearing in the amount of $555 as well as paralegal costs in the amount of $248.71 (Doc. 250 ¶¶ 7, 8.) In support of its request, the City notes the length of time it has put into working to obtain Plaintiff's compliance, as well as the press of other important litigation the City faces. At invitation of the Court, the City also provided supplemental information about additional time spent by City employees on this matter and costs associated with the IME. (*See generally* Doc. 250.)

Ms. Kasso objects. As to the deposition, she contends that it was not properly noticed such that the City's request for sanctions is meritless. She objects to the sanctions on the other bases for similar reasons she objects to dismissal: that it is unfair. She argues that the City is not entitled to monetary sanctions because of its own unclean hands, its objectionable discovery requests, and her good-faith efforts to produce discovery. (*See generally* Doc. 235.)

Rule 37(d) instructs that the Court, either in addition to or instead of other sanction options, must require a party who fails to attend its own deposition or serve answers to interrogatories to pay reasonable expenses, including attorneys' fees, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The Court finds no reason that Ms. Kasso's failures were substantially

9

justified. At its November 4, 2025, hearing, the Court issued a ruling from the bench that directed Ms. Kasso to produce discovery responsive to nearly all the City's requests. (Doc. 195 ¶¶ 1, 2.) At that hearing, Ms. Kasso had the opportunity—and took the opportunity—to ask clarifying questions of this Court. (Doc. 206 at 49.) The Court answered in kind. (*Id.* at 49-52.) Ms. Kasso also had access to the written order on the docket, as well as the transcript of that hearing. (*See* Docs. 195, 206.) She knew discovery was due no later than November 26, 2025. Most notably, this included an order that Ms. Kasso provide medical, educational, and vocational releases, as well as tax documents. There was no lack of clarity about that order. But at the February 9, 2026 sanctions hearing, Ms. Kasso confirmed she had not produced this (or much other) discovery despite the Court's order to do so, choosing yet again to quibble with whether she was really required to do so.

Insofar as Plaintiff invokes her pro se status to excuse her failures, the Court reminds Ms. Kasso, as it has many times before, that she must still comply with the rules that govern this action and the Court's orders. It is, in fact, precisely *because* of Ms. Kasso's pro se status that the Court invited questions from the parties about the import of the November 4, 2025 bench ruling—Ms. Kasso asked questions at the conclusion of that hearing, and received answers. The Court is left to conclude that Ms. Kasso's failure to comply with that order is not a mistake, but a transgression meriting sanctions. Accordingly, the Court finds that monetary sanctions in the amount of attorney fees under Rule 37(d)(3) are merited. Specifically, the Court grants the request $4070 in attorney fees associated with preparing the instant Motion. Observing that only one City attorney presented argument at the February 9 hearing, the Court rejects the combined request of $555 in attorney fees and

grants half that request: $277.50. Finally, the Court considers and grants the amount requested for paralegal fees in the requested amount of $248.71. In total, the Court thus grants $4,596.21 in legal fees as sanctions.

The Court next considers the City's request for costs associated Ms. Kasso's failure to appear at her January 7, 2026 deposition. The City represents that it properly noticed Ms. Kasso's deposition via email and postal delivery and argues that it should be reimbursed for these associated costs, which total $348, given Ms. Kasso's failure to attend. (Docs. 231-16, 231-18.) Ms. Kasso counters that she was not properly advised of the deposition since she has had problems receiving email from the City's paralegal, and has notified the City of that fact. (Doc. 235 at 14.) At the February 9 hearing, Ms. Kasso also asserted that she does not always get to her physical mailbox, and alluded to having problems getting her hard-copy mail too. In other words, Ms. Kasso claims she received no notice of her own deposition, despite that notice being sent to her own email address and her own physical mail address.[1]

Based on the record before it, the Court determines that the City properly noticed Ms. Kasso of the deposition, and Ms. Kasso's failure to appear for her own deposition warrants imposing monetary sanctions in the amount of reimbursement costs. On November 20, 2025, the City served on Ms. Kasso an Amended Notice of Deposition, for January 7, 2026 at 9:30 a.m., via email and USPS mail. (Docs. 230 ¶ 4, 231-6 at 1-3, 231-

---

[1] The Court also notes that in email communication between the parties and the undersigned's chambers, the City's attorneys reiterated the (then upcoming) January 7, 2026 deposition date. (Doc. 231-9.) Ms. Kasso replied to all on that string, indicating she had received that email.

7 at 1.) USPS records show the notice was successfully delivered to Ms. Kasso's address on November 22, 2025. (*Id.* ¶ 5; Doc. 230-1 at 2.) The record further shows that Ms. Kasso did not appear for that deposition. (Doc. 229 ¶ 5.) The Court acknowledges the arguments Ms. Kasso makes in her defense but finds them unconvincing and unavailing. Accordingly, the Court orders Ms. Kasso to pay the City for costs of obtaining video and stenographic recording of the January 7 deposition in the amount of $348.

Finally, at the February 9 hearing, the Court invited the City to submit information about the IME scheduled for February 10, 2026. (*See* Doc. 250.) Based the City's submission, it appears that the IME went forward without issue. (Doc. 250 ¶¶ 5,6.) Because those costs were not wasted, the Court declines to award costs and fees associated with the IME.

Accordingly, based on all the files, records, and proceedings above, **IT IS ORDERED** that the City's Motion for Sanctions (Doc. 226) is **GRANTED IN PART** and **DENIED IN PART**. In accordance with its opinion, Ms. Kasso is directed to pay a combined total of $4,596.21 in attorney and paralegal fees and $348.00 in deposition costs to the City of Minneapolis.  Payment must be made by May 1, 2026.

Additionally, Ms. Kasso is directed to provide complete discovery responses as set forth in the Court's November 4, 2025 Order no later than February 26, 2026, and to provide a declaration to the Court certifying her compliance with this Order. Absent full compliance, the Court will consider additional sanctions, up to and including dismissal of this action with prejudice.

Finally, the parties are directed to meet and confer regarding a revised pretrial schedule, and provide the Court a proposed schedule no later than March 3, 2026.

SO ORDERED.

DATED:  February 19, 2026                    *s/Douglas L. Micko*
                                             DOUGLAS L. MICKO
                                             United States Magistrate Judge