**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Leila Kasso,

        Plaintiff,

v.

City of Minneapolis and City of
Minneapolis Police Department,

        Defendants.

No. 23-cv-2782 (KMM/DLM)


**ORDER**

---

U.S. Magistrate Judge Douglas L. Micko issued an Order compelling Plaintiff Leila Kasso to provide discovery to Defendant City of Minneapolis ("the City"). The City moved for sanctions when Ms. Kasso failed to comply with that Order. Judge Micko denied the motion for sanctions to the extent it sought dismissal of Ms. Kasso's claims, but he granted the City's alternative request that Ms. Kasso be required to pay its expenses. (Sanctions Order, Dkt. 253.) Ms. Kasso objects to the Sanctions Order. (Objections, Dkt. 260.) For the following reasons, Ms. Kasso's Objections are overruled, the Sanctions Order is affirmed.

## I.      BACKGROUND[1]

Ms. Kasso initiated this lawsuit against the City and its Police Department on September 8, 2023, alleging that she was subject to numerous incidents of race, gender,

---

[1] This Court has carefully reviewed the factual findings in Judge Micko's Sanctions Order and determined that they are fully supported by the record. This background discussion is included for the context necessary to understand the resolution of Ms. Kasso's Objections to the Sanctions Order.

1

disability, and age discrimination during her time as a Minneapolis Police officer. (Dkt. 1.) Ms. Kasso then filed an Amended Complaint on January 2, 2024, which is now the operative complaint (Dkt. 20), and which the City answered on January 25, 2024 (Dkt. 22).

The City served its First Set of Interrogatories and First Set of Requests for Production (collectively, "Discovery Requests") on Ms. Kasso on October 1, 2024. (*See* Dkts. 168-1, 168-2.) However, before Ms. Kasso's responses to the Discovery Requests were due, discovery was stayed on November 15, 2024. (Dkt. 118.) And on March 31, 2025, the entire case was stayed to allow the parties to engage in an EEOC-led conciliation process. (Dkt. 127.) When the parties did not reach a settlement, the stay was lifted, and Judge Micko issued an Amended Scheduling Order on August 28, 2025, setting a fact discovery deadline of January 16, 2026. (Dkt. 135 at 2.)[2]

On October 21, 2025, almost two months after discovery reopened, the City felt that Ms. Kasso had not provided fulsome responses to the Discovery Requests and filed a Motion to Compel discovery. (Dkt. 166.) Ms. Kasso opposed the motion. (Dkt. 174.) At a November 4, 2025 hearing, Judge Micko orally granted the Motion to Compel in part ("Discovery Order"), setting a deadline for Ms. Kasso to substantially produce the requested information by November 26, 2025. (Dkt. 206 at 47:4–7.)[3] Judge Micko issued written hearing minutes detailing his Discovery Order the following day. (Dkt. 195.) Both

---

[2] Citations are to the ECF pagination.

[3] Citations to hearing transcripts in page:line format.

the City and Ms. Kasso requested a 30-day transcript of the November 4 hearing. (Dkts. 196, 197.)

When the November 26 deadline came about, Ms. Kasso provided much of the same incomplete information she had previously given in response to the City's First Set of Interrogatories, and asserted many of the same objections that Judge Micko rejected in his November 4 ruling. (Dkt. 237-1.) Ms. Kasso provided the City with "next to nothing" in response to the document requests. (Sanctions Order at 2.)

Separately, on November 20, 2025, the City served Ms. Kasso with a notice of deposition scheduled for January 7, 2026. (Dkt. 231-6.) The City served the notice by U.S. mail and email. (Dkt. 231-6 (email); Dkt. 231-7 (U.S. mail).) However, on January 7, Ms. Kasso did not appear at the scheduled deposition. (Dkt. 229 ¶ 5; Dkt. 231 ¶¶ 18–19.)

Because Ms. Kasso had not appeared for her deposition and the City believed she failed to comply with the Discovery Order, the City filed its Motion for Sanctions on January 26, 2026. (Dkt. 226.) The City sought dismissal of Ms. Kasso's claims with prejudice and an order requiring her to pay the City's expenses incurred in bringing the Motion for Sanctions and in organizing the missed January 7 deposition. (*Id.*) Ms. Kasso opposed the Motion, arguing that "(1) she believes the City itself is guilty of discovery misconduct; (2) the City's discovery requests were not properly propounded nor was the deposition properly noticed; (3) the requests themselves are objectionable; and (4) lesser remedies remain available and untried." (Sanctions Order at 3 (summarizing Ms. Kasso's arguments).)

On February 19, 2026, Judge Micko granted in part and denied in part the Motion for Sanctions. (*Id.*) Judge Micko concluded that Ms. Kasso's conduct did not require dismissal of her claims but held that monetary sanctions were appropriate to repay the City its related expenses because Ms. Kasso's compliance failures were not substantially justified. (*Id.* at 6–12.) Judge Micko ordered Ms. Kasso to pay $4,596.21 in attorney and paralegal fees and $348.00 in deposition costs to the City by May 1, 2026. (*Id.* at 12.) Under Federal Rule of Civil Procedure 72(a), Ms. Kasso filed timely Objections to Judge Micko's Sanctions Order, asking the Court to vacate it and relieve her of the obligation to pay the monetary sanctions imposed.[4] (Dkt. 260.) The City responded on March 19, 2026. (Dkt. 262.)

## II.    LEGAL STANDARD

Under Rule 72(a), district courts are required to consider "timely objections" to a magistrate judge's order on a nondispositive issue and "set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* D. Minn. LR 72.2(a)(3). This standard of review is "extremely deferential." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). Clear error exists when, on review of the entire record, "the reviewing court . . . is left with the definite and firm conviction that a mistake

---

[4] More than a month after her timely Objections, Ms. Kasso filed another set of Objections on April 3, 2025. (Dkt. 275.) The applicable procedural rules do not permit a party to file seriatim objections, and the second set of objections is untimely. D. Minn. LR 72.2(a)(1) (requiring objections be filed and served within 14 days of a magistrate judge's order). Therefore, the Court finds the second set of Objections and related documents are not properly before the Court.

has been committed." *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013). A magistrate judge's "decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

Federal Rule of Civil Procedure 37 authorizes courts to sanction parties who fail to comply with their discovery obligations or who disobey discovery orders. For those who violate a court's discovery order, Rule 37(b)(2) details a list of potential sanctions, including dismissal of the action, as well as the payment of "reasonable expenses, including attorney's fees, caused by the failure[.]" Fed. R. Civ. P. 37(b)(2)(A)(v) (dismissal), (b)(2)(C) (expenses). Rule 37(d)(3) authorizes the same array of sanctions for those who fail to attend their own deposition. "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (cleaned up). District courts have broad discretion in choosing sanctions for discovery violations. *See Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704 (8th Cir. 2018) (citing *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011)). And although Ms. Kasso is representing herself in this litigation, the Eighth Circuit has repeatedly explained that pro se litigants must comply with the Local Rules for the District of Minnesota, the Federal Rules of Civil Procedure, and this Court's Orders. *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up,*

*Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) ("[P]ro se status did not entitle [the litigant] to disregard the Federal Rules of Civil Procedure[.]") (quoting *Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993)); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

## III.    DISCUSSION

Broadly, Ms. Kasso raises three types of Objections to the Sanctions Order, each contending that the Order was contrary to law. First, Ms. Kasso argues that she lacked proper notice of the deadlines set by the Discovery Order before being sanctioned. Second, she contends that Judge Micko misapplied Rule 37 in approving her sanction. Third, Ms. Kasso raises several concerns about the merits of the Discovery Order.

## A.    Notice

Ms. Kasso first argues that she should not be sanctioned because any lack of compliance with the Discovery Order was due to a lack of notice. She specifies that because the Discovery Order was delivered orally—rather than in a written order—she was left confused about what she had to produce and when, going so far as to suggest that Judge Micko's oral Order was unenforceable. The Court disagrees.

Relevant here, for a court to impose a sanction on a party under Rule 37(b)(2), there must be first be an order entered under Rule 37(a) that compels that party to provide discovery. *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1213 (8th Cir. 1981); Fed. R. Civ. P. 37(b)(2) (authorizing the imposition of sanctions when a party "fails to obey an order to provide … discovery" under Rule 37(a)). "The prerequisite of a Rule 37(a) order

insures that the party failing to comply with discovery is given adequate notice and an opportunity to contest the discovery sought prior to the imposition of sanctions." *Id.* Oral orders compelling discovery can serve as a sufficient basis for Rule 37(b)(2) sanctions as long as the order "unequivocally give[s] a litigant notice[.]" *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992) (quoting *Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974)).

Ms. Kasso's assertion that she had insufficient notice of her obligations under the Discovery Order finds no support in the record. At the November 4, 2025 hearing on the City's Motion to Compel, Judge Micko laid out his rulings in detail, responding to each disputed issue in the Motion. The oral ruling from the bench clearly and expressly stated the deadline for substantial completion of discovery was November 26. The oral order also clarified that deadline for Defendants' counsel and Ms. Kasso upon their requests (Dkt. 206 at 47:12–15, 50:23–51:2), and Judge Micko carefully explained to Ms. Kasso exactly what his expectations were with respect to that deadline (*id.* at 51:3–19).

Ms. Kasso responds that the oral order was nonetheless confusing, stating she was unable to receive a transcript of the hearing until after the November 26 deadline. This argument fails for several reasons. First, with respect to the timing of when her answers to discovery requests were due, Ms. Kasso was present at the hearing and had notice of the November 26, 2025 deadline. She easily could have written down that date and maintained it in her own notes or otherwise taken steps to ensure that she complied with the deadline to provide the discovery she was being compelled to produce. Second, to the extent she

suggests that the bench ruling did not apprise her of what she needed to produce, that contention ignores the fact that Judge Micko filed a minute entry the morning of November 5 restating—in writing—exactly what he ordered the day before. That minute entry includes the November 26, 2025 deadline and lists the specific Discovery Requests to which Ms. Kasso needed to more fully respond. (Dkt. 195.) And third, if she was concerned about the clarity of the Discovery Order after the fact, she could have sought additional clarification from Judge Micko or filed an objection under Rule 72 asserting that the Discovery Order was too vague. She did neither. Ms. Kasso was on notice of the Discovery Order's requirements, and Judge Micko did not act contrary to law when he imposed a Rule 37(b)(2) sanction on Ms. Kasso for her failure to comply with the Discovery Order.

**B.    Application of Rule 37**

Ms. Kasso's next set of Objections relate to Judge Micko's application of Rule 37, as well as the enforcement of sanctions in this action generally. She raises four related arguments on this front. First, Ms. Kasso argues that Judge Micko misapplied Rule 37(d)(3)'s "causation analysis" by failing to exclude from the sanctions award the expenses incurred by Defendants in seeking to get the entire action dismissed, which Judge Micko deemed to be an excessive sanction. (Objections at 6.) As the Court understands it, Ms. Kasso contends that time spent by Defendants' counsel in requesting a sanction of dismissal was not "caused by [her] failure" to comply with her discovery obligations,

8

resulting in a Sanctions Order that requires her to pay expenses that were not incurred as a result of her noncompliance. *See* Fed. R. Civ. P. 37(b)(2)(C), (d)(3).[5]

Ms. Kasso reads this language too narrowly; what is "caused by" her noncompliance is not just the ultimate sanctions award, but the fact that Defendants had to bring the Motion for Sanctions at all. This approach mirrors how other courts in this District treat Rule 37 fee awards. *See, e.g.*, *Great Gulf Corp. v. Graham*, No. 20-cv-1835 (PJS/TNL), 2022 WL 2712880, at *11 (D. Minn. July 13, 2022) (ordering the sanctioned litigant to "bear the reasonable attorney fees and costs incurred by the [opposing party] in bringing this motion for sanctions[.]"), *aff'd*, 2022 WL 5138836 (D. Minn. Oct. 5, 2022); *Bailey v. First Transit Inc.*, No. 20-cv-1238 (DWF/TNL), 2022 WL 2670068, at *3 (D. Minn. July 11, 2022) (awarding "attorney's fees incurred in bringing this motion"); *Krueger v. Ameriprise Fin., Inc.*, No. 11-cv-2781 (SRN/JSM), 2014 WL 8108458, at *9 (D. Minn. July 7, 2014) (awarding "fees and costs incurred in bringing [a sanctions] motion" under Rule 37(b)(2)). The Court can find no case in which a court parses a Rule 37 expense award based on the success of the moving party's remedial arguments. The Court therefore finds no legal error here.[6]

---

[5] While Ms. Kasso only cites Rule 37(d)(3), the Court understands her to also be relying on the identical causal language in Rule 37(b)(2)(C). Whether a party is seeking a sanction for its opponent's failure to comply with a discovery order under Rule 37(b)(2) or for its opponent's failure to attend her deposition under Rule 37(d), the party that disobeyed the discovery order or the party that failed to appear is required to pay the other side's expenses "caused by the failure[.]" Fed. R. Civ. P. 37(b)(2)(C), (d)(3).

[6] To the extent Ms. Kasso contends that the expense award was unreasonable, the Court disagrees. Judge Micko detailed the inputs of the ultimate award, and awarded only half of the attorney's fees sought for the February 9, 2026 sanctions hearing.

Second, Ms. Kasso argues that Judge Micko erred in concluding that she lacked substantial justification for her noncompliance and that the award was not unjust, while failing to properly explain his conclusions. Ms. Kasso focuses here on the missed January 7 deposition, again alleging that the City was aware that she was having difficulty receiving email communications, and arguing that it is unfair for the City to seek sanctions where they could have instead rescheduled the deposition. The Rule states that a court "must require the party failing to act . . . to pay the reasonable expenses . . . caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Judge Micko properly applied this Rule.

In the Sanctions Order, Judge Micko concluded that Ms. Kasso's failure to attend her deposition was not substantially justified because the City served the deposition notice on her by both email and U.S. mail. He also found that she replied to an email thread in which the January 7 deposition date was reiterated. Given these circumstances, he concluded that her absence was "unjustified." (Dkt. 253 at 8.) The record unequivocally supports these findings and there is nothing clearly erroneous or contrary to law about the determination that Ms. Kasso's failure to attend her deposition was not substantially justified.

Third, Ms. Kasso asserts that the Sanctions award of $4,944.21 is disproportionate to her infractions given her pro se status. While the Court appreciates the significance of a such an amount, this argument is unavailing. Over the course of this litigation (and others in which she is currently involved), it has been made clear to Ms. Kasso that, despite her

10

pro se status, she is required to follow the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders. *E.g.*, *Soliman*, 412 F.3d at 922. She did not do so here and has been sanctioned accordingly. The Court notes that Judge Micko, certainly mindful of Ms. Kasso's position, did not approve all of Defendants' monetary requests, reducing the attorney's fees awarded and declining to include any fees or costs related to Ms. Kasso's required independent medical examination. The final award was fair and tailored to Ms. Kasso's noncompliance.

Ms. Kasso's fourth and final argument on this front is, simply, that she is being held to a different standard than the City and is being unfairly punished for it. From its vantage, the Court does not see the asymmetry that Ms. Kasso alleges but only highlights that she is free to seek relief from the Court if she can adequately support her allegations.

## C.      Merits of the Motion to Compel Order

Finally, the remainder of Ms. Kasso's Objections relate to the merits of the underlying Discovery Order. For example, she argues that Judge Micko failed to adjudicate her claims of privilege before ordering her to produce the contested materials, and she complains that the City is engaged in ongoing noncompliance with its discovery obligations. (Objections at 10, 11–12.) But the merits of the Discovery Order itself or any motion to compel discovery from the City are not before the Court on these Objections, only the propriety of the Sanctions Order is. Ms. Kasso's time to contest Judge Micko's Discovery Order was in the two week window that followed it, *see* D. Minn. LR 72.2(a)(1), a window that has now closed. Therefore, these concerns are not properly before the Court.

\* \* \*

In total, the Court concludes that the Sanctions Order is not erroneous nor contrary to law. Ms. Kasso is ordered to pay the $4,596.21 in attorney and paralegal fees and $348.00 in deposition costs to the City of Minneapolis. However, given the timing of this Order and the May 1, 2026 deadline by which the Sanctions Order requires Ms. Kasso to remit payment to the City, the Court will modify the Sanctions Order to require such payment on or before June 1, 2026.

## IV.   ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED that:**

1. Plaintiff Leila Kasso's Objections to Judge Micko's Sanctions Order (Dkt. 260) are **OVERRULED**;

2. Judge Micko's Order granting in part and denying in part Defendant City of Minneapolis's Motion for Sanctions (Dkt. 253) is **AFFIRMED**; and

3. Ms. Kasso is **ORDERED** to pay the $4,596.21 in attorney and paralegal fees and $348.00 in deposition costs to Defendant City of Minneapolis by June 1, 2026.

Date: April 30, 2026

*s/ Katherine M. Menendez*
Katherine M. Menendez
United States District Judge

12