# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Leila Kasso,

No. 23-cv-2782 (KMM/DLM)

Plaintiff,

v.

**ORDER**

City of Minneapolis and City of
Minneapolis Police Department,

Defendants.

This matter is before the Court on Plaintiff Leila Kasso's Objections (Dkt. 315) to United States Magistrate Judge Douglas L. Micko's May 11, 2026 Order (Dkt. 303) granting in part and denying in part the City's Motion to Quash Subpoenas[1] and for a Protective Order (Dkt. 263) and Motion to Compel and for Sanctions (Dkt. 276). For the following reasons, the Objections are overruled, and the Order is accepted in full.

## I.    BACKGROUND[2]

This case concerns alleged mistreatment of Ms. Kasso by her former employer Defendants City of Minneapolis and City of Minneapolis Police Department (together,

---

[1] Casey Carl and Dushani Dye moved to quash the subpoenas, not the City. (*See* Dkt. 263 at 1; *see also* Section III.B (discussing motion).) But since that Motion was made jointly with the City's Motion for a Protective Order, the Court refers to it as the City's Motion for simplicity.

[2] This Court has carefully reviewed the factual findings in Judge Micko's May 11 Order and determined that they are fully supported by the record. This background

"City"). For almost three years, this litigation has seen many disputes, driven in large part by Ms. Kasso, including more than half a dozen discovery motions and a previous sanctions Order. The Court has already addressed a precursor of the instant dispute—affirming a motion to compel and a sanction against Ms. Kasso—and will not restate all of the background. (*See generally* Dkt. 294.)

Judge Micko was once again asked to wade into a dispute between the parties and has issued his latest discovery Order on May 11, 2026, granting in part and denying in part the City's Motion to Quash Subpoenas and for a Protective Order (Dkt. 263) and Motion to Compel and for Sanctions (Dkt. 276) ("May 11 Order"). Judge Micko quashed two subpoenas served by Ms. Kasso on Minneapolis City Clerk Casey Carl and Minneapolis Chief Financial Officer Dushani Dye, concluding that the subpoenas failed Rule 26's relevance and proportionality standards and were unduly burdensome. (Dkt. 303 at 4–6.[3]) That Motion was denied insofar as it sought a protective order. (*Id.* at 6.) Judge Micko also granted the City's Motion to Compel after determining that Ms. Kasso had still not produced documents long ago ordered discoverable. (*Id.* at 6–10.) Judge Micko accordingly granted the Motion for Sanctions in part and dismissed Ms. Kasso's Americans with Disabilities Act ("ADA") claim, but otherwise denied that Motion as payment of attorney's fees. (*Id.* at 10–14.)

---

discussion recites only those facts necessary to understand the resolution of Ms. Kasso's Objections to the May 11 Order.

[3] Citations are to the ECF pagination.

Ms. Kasso timely filed Objections to the May 11 Order on May 25, 2026 (Dkt. 315), and the City filed a Response on June 8, 2026 (Dkt. 318). Ms. Kasso then received leave to provide a Reply, which was filed on June 21, 2026. (Dkt. 394.)

## II.    LEGAL STANDARD

District courts "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). The Court applies two different frameworks to the consideration of Mr. Kasso's Objections to the R&R.

District courts review magistrate judge orders on dispositive issues de novo. Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3). Reviewing nondispositive issues, district courts must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* D. Minn. LR 72.2(a)(3)(A). This standard of review is "extremely deferential." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). Clear error exists when, on review of the entire record, "the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013) (quoting *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011)). A magistrate judge's "decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

### III.    DISCUSSION

Ms. Kasso asserts two general arguments in her Objections to the May 11 Order. First, she argues that the sanction dismissing her ADA claim is disproportionate to any noncompliance and lacks a sufficient factual predicate. Second, she contends that Judge Micko erred in quashing her subpoenas by failing to make the requisite findings and conduct sufficient analysis. After reviewing the entire record, the Court accepts the May 11 Order in full.

### A.    Terminal Sanction

The Court starts with Ms. Kasso's Objections to Judge Micko's decision to sanction her by dismissing her ADA claim.[4] The parties agree that this issue is a dispositive one and the Court accordingly reviews it de novo.[5] *See* Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3); *see also Luther v. Johnston*, No. 04-cv-03053 (RHK/RLE), Dkt. 156 (D. Minn. Aug. 31, 2005) (reviewing terminal sanctions determination de novo).

Federal Rule of Civil Procedure 37 authorizes courts to sanction parties who fail to comply with their discovery obligations or who disobey discovery orders. For those who violate a court's discovery order, Rule 37(b)(2) details a list of potential sanctions,

---

[4] Ms. Kasso contends that Judge Micko, as a magistrate judge, lacked the authority to issue a terminal sanction. But since she has Objected to his decision and the Court is reviewing it de novo, that issue is unimportant. The Court essentially treats this aspect of Judge Micko's decision as a recommendation.

[5] Similarly, because Judge Micko's conclusions related to terminal sanctions are being reviewed de novo, the Court will not address Ms. Kasso's arguments about his explanation. The Court will however note that Ms. Kasso does not cite any legal authority for the robust explanatory requirements that she insists are required.

including "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal of a claim or action is generally disfavored as a sanction because "the opportunity to be heard is a litigant's most precious right and should sparingly be denied." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020 (8th Cir. 1999) (quoting *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir. 1977)). Therefore, in the discovery-violation context, dismissal of a claim can be used as a sanction "only if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000).[6] Before dismissing as a sanction, courts must also consider whether a less extreme sanction would be sufficient, "*unless* the party's failure was deliberate or in bad faith." *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (quoting *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992)). But the law does not mandate imposition of the least severe sanction; instead, a court may apply the most appropriate one in a particular case. *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000). Rule 37 sanctions are intended to both penalize misconduct and deter future noncompliance. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980).

It is clear from the record that terminal sanctions are appropriate here. As to the first two *Schoffstall* elements, there have been two different Orders compelling Ms. Kasso to produce the contested discovery, both of which were willfully violated by Ms. Kasso. First,

---

[6] Ms. Kasso uses much of her Reply to distinguish *Schoffstall* from the instant case. But both parties agree that it reflects the governing standard.

at a November 4, 2025 hearing, Judge Micko granted the City's motion to compel and ordered Ms. Kasso to produce the contested discovery no later than November 26, 2025. (Dkt. 206 at 40:22–47:7;[7] *see* Dkt. 195 (minute entry).) She failed to do so. In his February 19, 2026 imposition of monetary sanctions on Ms. Kasso for this noncompliance, Judge Micko again ordered production, this time setting a deadline of February 26, 2026. (Dkt. 253 at 12.) She again failed to fully comply, turning over self-created and improperly narrowed releases and redacted documents from the Equal Employment Opportunity Commission ("EEOC") and Minnesota Department of Human Rights ("MDHR").[8] These violations required the City to file yet another motion to compel discovery and for sanctions.

Ms. Kasso does not appear to dispute that these productions were incomplete, instead arguing here that the EEOC and MDHR redactions were made by the agencies themselves and thus her noncompliance is not willful. The Court does not find this argument credible. Tellingly, Ms. Kasso appears to have raised this contention for the first time in her briefing on the second Motion to Compel, never mentioning this concern during the November 4 hearing (Dkt. 206), her opposition to the City's first motion for sanctions (Dkt. 235), or her Objections to Judge Micko's first sanctions Order (Dkt. 260). Indeed, had the documents been redacted by the issuing agency, the Court would expect her to

---

[7] Citations to hearing transcripts in page:line format.

[8] Ms. Kasso spends much of her time arguing about the validity of these earlier Orders. Again, the merits of these past Orders "are not before the Court on these Objections" so her "concerns are not properly before the Court." (Dkt. 294 at 11.)

assert that complication at the time of their production. The Court therefore concludes that Ms. Kasso has willfully violated multiple operative discovery orders.

As to the third element, the City has been prejudiced by Ms. Kasso's noncompliance. The City has had to litigate these issues well beyond what is normally required, entirely due to her continued noncompliance, filing multiple motions to compel and motions for sanction in order to receive discoverable documents. Even now, they have not received complete production of these documents, impacting their ability to defend against Ms. Kasso's claims. (*See* Dkt. 279 ¶¶ 9, 15–17, 21 (Declaration of Sara Lathrop) (detailing the incomplete productions).) In sum, the Court concludes the three *Schoffstall* elements have been met to support a terminal sanction.

Having reviewed the full record de novo, the Court agrees with Judge Micko that dismissal of Ms. Kasso's ADA claim is the right sanction for these violations. First, a less severe sanction has already been imposed, and yet it failed to bring Ms. Kasso into compliance. On February 19, 2026, Judge Micko sanctioned Ms. Kasso nearly $5,000 for her violations. (Dkt. 253.) In doing so, he considered terminal sanctions but concluded that they were not yet warranted. This Court affirmed that sanction on April 30, 2026. (Dkt. 294.) Now, over two months later, Ms. Kasso still willfully disregards the Court's Orders, making a more severe sanction necessary. Dismissing the ADA claim is also most appropriate because the contested discovery relates most directly to her allegations of disability violations, as opposed to her other claims. In total, dismissing Ms. Kasso's ADA claim is necessary and proportionate to her violations. The Court therefore overrules

Ms. Kasso's Objections and accepts the May 11 Order granting in part and denying in part the City's Motion to Compel and for Sanctions. Ms. Kasso's ADA claim is dismissed with prejudice.

## B.    Motion to Quash Subpoenas

Ms. Kasso's second set of Objections relate to Judge Micko's decision to quash her subpoenas directed to the City's employees Casey Carl and Dushani Dye. Because this issue is plainly nondispositive, *see Etten v. U.S. Food Serv., Inc.*, No. 05-CV-83-LRR, 2006 WL 1390395, at *4 (N.D. Iowa May 19, 2006) ("The resolution of a motion to quash a subpoena is clearly a nondispositive matter.") (collecting cases), the Court reviews Judge Micko's Order to determine whether it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* D. Minn. LR 72.2(a)(3)(A). Having carefully reviewed the record, the Court finds no error and affirms the May 11 Order granting in part and denying in part the City's Motion to Quash Subpoenas and for a Protective Order

Ms. Kasso makes several arguments, many beyond the scope of the instant Order. As to the issues related to the subpoenas, Ms. Kasso is primarily concerned by what she sees as an insufficient explanation and inadequate factual findings by Judge Micko. Yet, she cites no authority requiring the extreme level of analytical granularity she insists is required. Unable to find its own, the Court concludes that Judge Micko did not err in explaining his decision.[9]

---

[9] Indeed, as a practical matter, the demand for lengthy and very detailed explanations regarding each discovery Order would be unworkable generally, particularly given Judge Micko's substantial caseload. It is even less reasonable in this case, where Judge Micko

Ms. Kasso also appears to argue that, in essence, the City lacks standing to bring the Motion to Quash Subpoenas. Rule 45(d)(3) governs the quashing of subpoenas. Arguably, the recipient of the subpoena has the greatest standing to try to quash it under Rule 45. *See, e.g.*, *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003); *Joba, Inc. v. Voicecom Telecomms., LLC*, No. 04-80962-CIV, 2005 WL 8156009, at *1 (S.D. Fla. Jan. 11, 2005) (collecting cases). There is no dispute that Casey Carl and Dushani Dye were the recipients of Ms. Kasso's subpoenas. And Mr. Carl and Ms. Dye were also the individual movants to quash them, directly undermining any contention that they lack the ability to challenge these subpoenas. Judge Micko accordingly did not err. The Court overrules the Objections and accepts Judge Micko's May 11 Order in full.

## IV.    ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED that:**

1. Plaintiff Leila Kasso's Objections to Judge Micko's May 11 Order (Dkt. 315) are **OVERRULED**;

2. Judge Micko's Order (Dkt. 303) granting in part and denying in part the City's Motion to Quash Subpoenas and for a Protective Order (Dkt. 263) and Motion to Compel and for Sanctions (Dkt. 276) is **ACCEPTED**; and

3. Ms. Kasso's Americans with Disabilities Act claim is **DISMISSED WITH PREJUDICE**.

Date: July 15, 2026                                      *s/ Katherine M. Menendez*
                                                          Katherine M. Menendez
                                                          United States District Judge

---

has spent an enormous amount of time managing two of Ms. Kasso's cases and handling countless disputes.