**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Leila Kasso,

Plaintiff,

v.

City of Minneapolis and
City of Minneapolis Police Department,

Defendants.

No. 23-cv-2782 (KMM/DLM)

**ORDER ON PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO AMEND COMPLAINT**

---

This matter is before the Court on Plaintiff Leila Kasso's Revised Motion to Modify Scheduling Order and for Leave to Amend and Supplement Complaint. (Docs. 512 (motion), 513 (proposed exhibits), 514 (proposed second amended complaint), 515 (Memorandum in Support).) Defendants oppose Ms. Kasso's motion. (Docs. 532 (Memorandum in Opposition), 534 (declaration), 535 (declaration), 536 (declaration), 538 (proposed exhibits).) For the reasons that follow, the Court denies Ms. Kasso's motion in its entirety.

## BACKGROUND

This case arises from Ms. Kasso's employment relationship with the City of Minneapolis and the Minneapolis Police Department (collectively "the City Defendants"). This mater has been pending for over three years and has been the subject of intense litigation. (*See generally* Docket.) The Court incorporates by reference prior procedural descriptions of this case. *(See, e.g.,* Docs. 253, 303, 430.) Therefore, the Court relays only the facts relevant to the present motion.

On August 28, 2025, the Court modified a prior Pretrial Scheduling Order ("PTSO") and directed "all motions that seek to amend the pleadings or to add parties must be filed and served on or before September 5, 2025." (Doc. 135 at 2.) The Court again modified the PTSO on March 4, 2026, but no extension was given for motions seeking to amend pleadings. (*Compare id*. *with* Doc. 259.)

On August 27, 2026, Ms. Kasso moved to amend her complaint under Federal Rule of Civil Procedure 15(a)(2). Having filed her motion to amend after the deadline, Ms. Kasso also moves to amend the PTSO under Fed. R. Civ. P. 16(b)(4). Ms. Kasso argues good cause exists to modify the PTSO because she learned relevant information after the September 5, 2025 deadline to amend had passed. Specifically, she argues that the April 2026 depositions of Carol and Thomas Jetzer call into question the authorship of internal communications and thus require amendment of her complaint.

Ms. Kasso's Revised Proposed Second Amended Complaint and Jury Demand seeks to amend the Amended Complaint in three significant ways. (Doc. 514.) First, the proposed amendments add Count VI, a state law Worker's Compensation Retaliation and Intentional Obstruction claim against the City. (*Id*. at 31). Next, Ms. Kasso seeks to add Count VII, a state law claim of Intention Infliction of Emotional Distress ("IIED"), also against the City. (*Id*. at 32.) This IIED claim was previously pled by Ms. Kasso, but then subsequently abandoned. (*Compare* Doc. 1 *with* Doc. 20.) Finally, she proposes to add Count VIII, a state law claim of Fraudulent Misrepresentation and Concealment against Eric Hagel. (Doc. 514 at 33.)

The City Defendants oppose Ms. Kasso's motion, urging the Court to deny the modification of the PTSO and to reject the proposed amendments to the complaint. The City Defendants contend that Ms. Kasso has not demonstrated good case to modify the PTSO, and a "late-stage demand to reopen a three-year-old case after a fully briefed summary judgment motion is pending would create extreme prejudice[.]" (Doc. 532.) Further, the City Defendants argue that even if the PTSO was reopened, Ms. Kasso's proposed amendments are futile and should therefore be denied.

## ANALYSIS

### I. PLAINTIFF'S REVISED MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO AMEND AND SUPEMENT COMPLAINT IS DENIED.

The deadline to amend pleadings in this matter was September 5, 2025. Because Ms. Kasso moved to amend on August 27, 2026, she must first reopen the scheduling order under Federal Rule of Civil Procedure 16. *See Shank v. Carleton Coll.*, 329 F.R.D. 610, 614 (D. Minn. 2019) (Rule 16(b)(4) must be addressed first . . . . Rule 16 opens the door to Rule 15.") Rule 16 provides that a pretrial schedule "may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Determining whether good cause has been shown "falls within the magistrate judge's broad discretion." *Shank*, 329 F.R.D. 610, 614 (D. Minn. 2019). Although diligence is the primary factor courts look to when deciding whether good cause exists to reopen a deadline, courts are free to consider other factors

such as prejudice to the nonmovant, the significance of the amendment, or other considerations. *See Income Allocation, LLC v. TruChoice Fin. Grp., LLC*, No. 22-cv-343 (JWB/JFD), 2023 WL 3916738, at *3 (D. Minn. 2023); *see also Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).

**A. Ms. Kasso has failed to show good cause under Rule 16.**

Ms. Kasso argues there is good cause to modify the scheduling order because "material source, authorship, transmission, and authority evidence developed after the September 5, 2025 amendment deadline." (Doc. 512 ¶ 3.) Specifically, Ms. Kasso claims the April 2026 depositions of Ms. Carol Jetzer and Dr. Thomas Jetzer, as well as "later direct-source review" uncovered information relevant to her claims. (*Id.*) Thus, Ms. Kasso argues that no amount of diligence would have allowed her to meet the PTSO's September 2025 deadline to amend the operative complaint.

The City Defendants contend that Ms. Kasso was privy to the information contained in her Proposed Second Amended Complaint months before filing the present motion. By Ms. Kasso's own admission, say Defendants, the Jetzers' depositions took place in April 2026, but she waited months before filing her motion in August.

"A party does not meet the good cause standard under Rule 16(b) if the relevant information on which it seeks to base an amended pleading was available to it earlier in the litigation." *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, 326 F.R.D. 513, 522 (D. Minn. 2018). Over the life of this case, the Court has observed litigation tactics that have prevented this three-year-old case from progressing. (*See generally* Docket.) And in January 2026, this Court denied a prior motion to amend the PTSO, finding Plaintiff

showed "a lack of due diligence to litigate her case," which was "a compelling reason to deny it." (Doc. 225 at 6.) Since then, the Court has seen no improvements in Ms. Kasso's procedural diligence.

That is true now as well. Ms. Kasso's proposed amendments attempt to reintroduce a claim for IIED that was previously pled and abandoned. The City Defendants argue, and the Court agrees, that a pattern of revisiting abandoned claims does not support a finding of diligence. Further, the Proposed Second Amended Complaint names Mr. Hagel as a new defendant. Ms. Kasso had previously named Mr. Hagel as a defendant, but later removed him. Ms. Kasso notes that "Hagel was identified in this action from the outset, remained expressly named in ECF No. 20's factual allegations, was deposed in December 2025, and is a sworn City summary judgment declarant concerning the same OMC/return-to-work/promotion transactions." (Doc. 515 at 13.) Ms. Kasso acknowledges her continuous involvement with Mr. Hagel, but did not re-name him as a defendant until now. Finally, as discussed more fully below, the proposed amendments are significant and prejudicial, as they would essentially result in an eleventh-hour recasting of a case that has been long pending, including adding back parties and claims already withdrawn. As such, the Court finds Ms. Kasso has failed to establish good cause per Fed. R. Civ. P. 16(b)(4), and denies the motion to modify the PTSO.

**B. Ms. Kasso has also failed to satisfy Rule 15's Amended Pleadings Standard.**

Although Ms. Kasso's failure to meet Rule 16's good cause standard alone provides sufficient basis to deny her motion, the Court also considers Rule 15's amended pleading standard for the sake of completeness. Courts may deny motions to amend under Rule 15

where "compelling reasons" to do so exist. *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). Those reasons include undue delay, undue prejudice to the non-moving party, bad faith, dilatory motive, futility of the proposed amendment, or "repeated failure to cure deficiencies by amendments previously allowed." *Id*. The City Defendants argue that amending the complaint at this stage would be untimely, unduly prejudicial, that Ms. Kasso has acted in bad faith, and her proposed amendments are futile. Ms. Kasso counters that prejudice to the City Defendants is limited, she has not acted in bad faith, and her amendments are not futile.

The Court first considers the timeliness of Ms. Kasso's motion. Ms. Kasso initiated her suit against the City Defendants over 37 months ago (Doc. 1), and filed the operative Amended Complaint (Doc. 20) over 33 months ago. The Eighth Circuit has consistently affirmed the denial of motions to amend brought in the late stages of litigation, as Ms. Kasso has done here. *See Kinkead v. Southwestern Bell Telephone Company*, 49 F.3d 454, 457 (8th Cir. 1995) (affirming denial of motion to amend where movant waited nearly two years to seek amendment); *See Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989) (affirming denial of motion to amend where movant sought amendment 18 months after filing complaint); *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 225 (affirming denial of motion to amend where movant sought amendment 14 months after filing complaint, and finding movant "dilatory throughout the pendency of this action"). Accordingly, the Court finds Ms. Kasso's motion to amend, filed three years after the operative pleading, to be untimely.

Next, the Court considers the potential prejudicial effect amending the complaint would have on the City Defendants. On June 19, 2026, the City Defendants moved for summary judgment in this action. (Doc. 321.) Ms. Kasso has resisted that motion (Doc. 410), and the City Defendants replied (Doc. 447). Eighteen days *after* briefing on the City Defendants' summary judgment motion was complete, Ms. Kasso began filing motions related to the present matter. (*See* Docs. 479, 489, 512.) The City Defendants argue that amending the complaint after submitting a fully briefed summary judgment motion would create extreme prejudice. The City Defendants maintain that prejudice would overcome their case, arguing that amendments to the complaint at this stage in litigation would amount to a do-over of much of this three-year-long case. The Court agrees. *See Balow v. Medtronic USA, Inc.,* No. 23-cv-843 (KMM/ECW), 2025 WL 33698, at *14 n.11 (D. Minn. 2025) ("Of course, a plaintiff cannot amend his complaint or raise a new theory or claim in response to a defendant's motion for summary judgment.").

The Court finds that Ms. Kasso's proposed amendments would create undue prejudice against the City Defendants. Her proposed amendments seek to add claims, revive long abandoned claims, and add a new defendant. The City Defendants would be under a tremendous burden if they were forced to relitigate these issues. The case has been ongoing for over three years, a summary judgment motion has been fully briefed, and all dispositive motions were due on or before June 19, 2026. (Doc. 135 at 7.) Disregarding the Court's many procedural timelines, Ms. Kasso waited until August 2026 to request leave to amend her complaint. Because Ms. Kasso's motion to amend is untimely and would

create undue prejudice to the City Defendants, the Court denies her motion under Rule 15 as well for failing to meet the amended pleading standard.

The Court denies Ms. Kasso's motion for lack of good cause under Rule 16 and untimeliness and undue prejudice against Defendants under Rule 15. The Court therefore declines to reach the parties' futility or bad faith arguments.

**ORDER**

Accordingly, based on the above, and on all the files, records, and proceedings in this action, **IT IS ORDERED** that:

1) Plaintiff Leila Kasso's Motion to Modify Scheduling Order and for Leave to Amend and Supplement Complaint (Doc. 512) is **DENIED**.

Date: October 22, 2026

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge