**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Leila Kasso,

Plaintiff,

v.

City of Minneapolis and City of Minneapolis Police Department,

Defendants.

No. 23-cv-2782 (KMM/DLM)

**ORDER**

Before the Court is Plaintiff Leila Kasso's Motion for Sanctions against Defendant City of Minneapolis ("the City"), and to Enforce the Protective Order. (Docs. 467 (Motion), 468 (Memorandum in Support), 470 (Declaration).) The City objects to the imposition of sanctions against it. (Docs. 503 (Memorandum in Opposition), 505 (Declaration), 508 (Declaration).) Also pending is the decision of whether to impose sanctions against Ms. Kasso pursuant to this Court's Order to Show Cause. (Doc. 511.) Having fully considered both matters, the Court declines to impose sanctions on either party.

**BACKGROUND**

This case arises out of Leila Kasso's employment relationship with the City of Minneapolis Police Department. (Doc. 20.) The matter has been pending for over three years and has been the subject of intense litigation, resulting in a docket more akin to a complex class action case than a single-plaintiff employment dispute. The Court assumes the parties' familiarity with this matter, and therefore incorporates, but does not repeat, earlier procedural descriptions of this case. (*See, e.g.*, Docs. 253, 303, 430, 563.) Relevant

to Ms. Kasso's Motion for Sanctions, the Court issued a Protective Order on September 26, 2025. (Doc. 157.) The Protective Order governs the process of sharing confidential information in discovery.

On April 10, 2026, the City filed a Motion to Compel and for Sanctions against Ms. Kasso (Doc. 276), accompanied by a Memorandum in Support (Doc. 278), and a Declaration with exhibits (Doc. 279). Ms. Kasso maintains the information contained in those filings is confidential and should not have been publicly filed; she takes issue with the inclusion of "specifically identified medical provider, workers' compensation, PERA/disability, and authorization information." (Doc. 467.) She asserts that she "experienced the prolonged public availability and use of the challenged medical/provider information as humiliating, embarrassing, and intimidating, and as pressure to stop pressing the merits and confidentiality objections." (Doc. 470 at 4.) Plaintiff filed the present Motion for Sanctions and to Enforce the Protective Order related to that set of circumstances on August 14, 2026.

Ms. Kasso asks the Court to: (1) confirm the continued sealing of Docs. 278, 279, and 279-1; (2) find that Plaintiff's April 11, 2026 notice regarding public information filed on April 10, 2026 serves as "event-specific notice of the disclosure dispute"; (3) order the City to disclose detailed information about their discovery process as it relates to disputed public filings; (4) find that the City violated the Protective Order; (5) reiterate and re-enforce the provisions of the Protective Order; (6) clarify and enforce the Protective Order's nonwaiver provision; (7) award Ms. Kasso out-of-pocket expenses, including $1,339.50 in certified-record costs; (8) impose appropriate monetary or nonmonetary

sanctions on the City under Rule 37(b)(2); and (9) grant further relief as the Court deems necessary. (Doc. 468 at 26-29.)

The City opposes Ms. Kasso's Motion for Sanctions, arguing it did not violate the Protective Order. Because Rule 37(b) governs sanctions imposed on a party for violating a court order, the City maintains that sanctions are not warranted here. Should the Court find the City violated the Protective Order, the City argues that Ms. Kasso has not shown the level of harm sufficient to warrant sanctions. (*See* Doc. 503.)

As part of its response to Ms. Kasso's Motion for Sanctions and to Enforce the Protective Order, the City's counsel filed a Declaration in Opposition. (Doc. 508.) In the Declaration, the City alleged that Ms. Kasso submitted altered exhibits to the Court, but that she corrected her misrepresentations after the City notified her. Specifically, Ms. Kasso filed several exhibits with the notation, "Source pages follow without alteration." (Doc. 511.) Upon inspection, the Court concluded some exhibits filed by Ms. Kasso appeared to have been altered, despite their description as "source pages" (commonly understood to mean original, unaltered documents). (*Id.*) Thus, the Court ordered Ms. Kasso to show cause why it should not sanction her. Ms. Kasso responded on September 10, 2026, arguing that the record "reflects an inadvertent mismatch between the generic cover language and the derivative displays, not a knowing falsification of source material." (*See* Docs. 527 (Response), 528 (Exhibits), 529 (Statement).) The City replied to the Order to Show Cause on September 17, 2026, arguing that because Ms. Kasso failed to justify the alterations, she should be sanctioned for her misrepresentations. (Docs. 539 (Memorandum in Response), 540 (Declaration), 541 (Exhibits), 542 (Statement).)

## ANALYSIS

The authority to impose sanctions derives from two sources: Federal Rule of Civil Procedure 37, and the Court's inherent power to manage its own affairs. *Stekly v. I.Q. Data Int'l, Inc.*, No. 25-cv-216 (ECT/DLM), 2026 WL 1786288, at *2 (D. Minn. June 22, 2026). Rule 37 governs the administration of discovery-related sanctions, which are meant not only to punish past misconduct, but to deter its future occurrence. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 753 (1980) (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)) ("Rule 37(b)'s sanctions . . . must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent."). Rule 37 "provides for sanctions for the violation of discovery orders, which include protective orders." *Sandoval v. Am. Bldg. Maint. Indust., Inc.*, 267 F.R.D. 257, 264 (D. Minn. 2007).

Courts are afforded wide latitude when considering sanctions. *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, No. 09-cv-1091 (JNE/JSM), 2013 WL 449775, at *16 (D. Minn. Jan. 8, 2013); *Cronin v. Sanuwave Health, Inc.*, No. 23-cv-1295 (SRN/ECW), 2024 WL 3518142, *3 (D. Minn. July 24, 2024). But that discretion is "bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in order to provide discovery." *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992) (quoting *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986)). Importantly, a court's discretion "narrows as the severity of the sanction or remedy it elects increases." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). Likewise, a

court should moderate its exercise of sanction authority where appropriate based on the facts before it. *Stekly*, 2026 WL 1786288 at *2.

## I. MS. KASSO'S MOTION FOR SANCTIONS AND TO ENFORCE THE PROTECTIVE ORDER IS DENIED.

The Court first considers Plaintiff's Motion for Sanctions and to Enforce the Protective Order. (Doc. 467.) Ms. Kasso seeks sanctions against the City because she contends the City violated the Protective Order by publicly filing Docs. 278, 279, and 279-1. The City objects to any sanctions against it, arguing that it did not violate the Protective Order because Ms. Kasso failed to designate the documents as confidential before disclosing them.

Under the Court's Protective Order, the parties are required to designate discovery as confidential before disclosure. (*See* Doc. 157 at 2.) A party designates a document as confidential by conspicuously marking each page of a document with the word "confidential", or for deposition testimony, on the record or in writing within 30 days. (*Id.* at 1-2.) In the City's view, there has been no violation because Ms. Kasso did not mark the documents at issue as confidential before disclosing them, and therefore the documents' public filing did not violate the Protective Order.

Ms. Kasso does not contend that the documents were properly marked confidential before she disclosed them to the City. Rather, she asserts that she contacted the City after the City publicly filed the subject documents to discuss their purported confidentiality. This set of circumstances does not violate the Protective Order. Additionally, once Ms. Kasso specifically identified which documents she believed were confidential, the City redacted

and refiled them under seal. (Docs. 468 at 19, 503 at 23.) The Court respectfully disagrees with Ms. Kasso that the City engaged in sanctionable conduct by not refiling sooner. Accordingly, Plaintiff's Motion for Sanctions and to Enforce the Protective Order is denied.

## II. THE COURT DECLINES TO IMPOSE SANCTIONS AGAINST MS. KASSO STEMMING FROM THE ORDER TO SHOW CAUSE.

Next, the Court considers whether the imposition of sanctions is warranted against Ms. Kasso for alleged misrepresentations to the Court. Ms. Kasso opposes the imposition of sanctions, arguing that the misrepresentations were inadvertent and have since been corrected. The City supports sanctions against Ms. Kasso, maintaining that she failed to justify the misrepresentations as required by the Court's Order to Show Cause. (Doc. 511.)

A court may impose sanctions on a party for their misrepresentations to the court. Fed. R. Civ. Pro. 11(c)(1). Here, there is little question that Ms. Kasso's filings misrepresented their nature; documents identified as unaltered "source" documents were not that at all. Indeed, Ms. Kasso does not contend the exhibits she submitted with this notation were, in fact, original. Rather, Ms. Kasso acknowledges that the exhibits contained alterations, despite their misleading description. (*See* Doc. 527.) She maintains, however, that any misrepresentations were inadvertent.

The Court is perplexed by Ms. Kasso's explanation. Why describe an exhibit at all when contents generally speak for themselves? Identifying something as original (that is, an unaltered "source" document) suggests to the reader that there is no reason to question the integrity of the document. Unfortunately here, it was just the opposite: those documents

identified as unaltered had been changed. Nevertheless, mitigating factors weigh against sanctions here. First, there is limited evidence that Ms. Kasso's misrepresentations were purposeful, and this Court is reluctant to order sanctions to correct an inadvertent violation. *See Stekly*, 2026 WL 1786288, at *7 (denying the imposition of sanctions, noting "even though the result of I.Q. Data's mistake was to publicly disclose private data, it was inadvertent. This Court is less apt to punish an accidental lapse"). Additionally, the Court notes that Ms. Kasso corrected any misrepresentations upon notification by the City's counsel. Ms. Kasso filed the altered exhibit on August 14, 2026 (*See* Docs. 473, 508-1), and counsel for the City contacted her that same evening flagging the misrepresentation. On August 17, 2026, Ms. Kasso filed her Corrected Sealed Exhibit O. (Doc. 477.) Further, the Court is mindful of Ms. Kasso's pro se status. Weighing all factors, restraint is the better course. Given Ms. Kasso's correction of her misrepresentations, and the burden of monetary and other sanctions, the Court declines to impose sanctions against Ms. Kasso.

**ORDER**

Accordingly, based on the above and all the files, records, and proceedings in this case, **IT IS ORDERED** that:

1. Plaintiff Leila Kasso's Motion for Sanctions and to Enforce the Protective Order (Doc. 467) is **DENIED**; and

2. The Court declines to impose sanctions against Ms. Kasso in response to its Order to Show Cause (Doc. 511).

DATED: November 18, 2026

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge